Oleta Gravitt DIXON, Individually and as
Executrix et al., Petitioners,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Respondent.

No. B–8208.

Supreme Court of Texas.

Oct. 22, 1980.

Rehearing Denied Nov. 19, 1980.

Law Offices of Pat Maloney, Pat Maloney and Jack Pasqual, San Antonio, for petitioners.

Green & Kaufman, Hubert W. Green, Groce, Locke & Hebdon, Jack Hebdon, James E. Barden, San Antonio, for respondent.

POPE, Justice.

This is a slander case. The trial court rendered judgment for Oleta Gravitt Dixon[1] and James H. Ashley, in their suit against Southwestern Bell Telephone Company. The court of civil appeals reversed the judgment and rendered a take–nothing judgment against the plaintiffs, holding that the undisputed facts in the case established Southwestern Bell's defense of conditional privilege to conduct an investigation and that there was no evidence of malice

1. Mrs. Dixon is the surviving widow and Independent Executrix of the Estate of T. O. Gravitt, Deceased.

which would overcome the privilege. 575 S.W.2d 596. The application is dismissed for want of jurisdiction.

Since the Legislature has limited our jurisdiction of slander cases, we must determine at the outset if we have jurisdiction. Article 1821[2] provides in part that in all cases of slander, "the judgments of the Courts of Civil Appeals shall be conclusive on the law and facts" and no "writ of error [shall] be allowed thereto from the Supreme Court . . . ." The only exceptions permitted by this statute are from an appealable judgment "in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision, or in which one of the Courts of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals or of the Supreme Court upon a question of law, as provided for in Subdivisions (1) and (2) of Article 1728."

■ The justices of the court of civil appeals did not disagree here, and our jurisdiction, if it exists at all, must rest upon a conflict as provided for in Subdivision 2 of Article 1728.[3] We have concluded that the requisite conflict does not exist and that the application for writ of error must be dismissed for want of jurisdiction.

The applicable rules for determining the requisite conflict of decisions under Subdivision 2 of Article 1728 were summarized by this court in *John Farrell Lumber Company v. Wood*, 400 S.W.2d 307 (Tex.1966), as follows:

"When a conflict of decisions is made the basis of Supreme Court jurisdiction, the conflict must be such that one decision would operate to overrule the other in case they were both decided by the same court. *International Harvester Co. v. Stedman*, supra [159 Tex. 593, 324 S.W.2d 543]. 'An apparent inconsistency in the principles announced, or in the application of recognized principles, is not suffi-

cient. *The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other.* In other words, the rulings alleged to be in conflict must be upon the same question, and, unless this is so, there can be no conflict.' *Garitty v. Rainey*, 112 Tex. 369, 247 S.W. 825, 827. It is essential, moreover, that such conflict appear on the face of the opinions themselves and that the same be specifically pointed out in the application for writ of error. *State v. Wynn*, supra [157 Tex. 200, 301 S.W.2d 76] . . . ." (Emphasis added.)

Petitioners, Mrs. Dixon and Ashley, urge that the court of civil appeals misapplied the law of defamation to hold that the defense of conditional privilege is a question of law. They assert that such a holding is in conflict with three prior courts of civil appeals decisions, to wit: *Houston Belt & Terminal Ry. Co. v. Wherry*, 548 S.W.2d 743 (Tex.Civ.App.–Houston [1st Dist.] 1976, writ ref'd n. r. e.); *Stearns v. McManis*, 543 S.W.2d 659 (Tex.Civ.App.–Houston [1st Dist.] 1976, writ dism'd w. o. j.); *Buck v. Savage*, 323 S.W.2d 363 (Tex.Civ.App.–Houston 1959, writ ref'd n. r. e.). We disagree.

*Wherry* was a libel action wherein the court of civil appeals affirmed a jury verdict for plaintiff. Although the court held that the defendant railroad had waived its defense of conditional privilege, it quoted the rule set forth in *Denton Publishing Company v. Boyd*, 460 S.W.2d 881 (Tex. 1970), as follows:

"Where the facts are undisputed and the language used in the publication is not ambiguous, the question of privilege is ordinarily one of law for the court. . . . (citations omitted)

.     .     .     .     .

"Those in which one of the Courts of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court upon any question of law material to a decision of the case."

---

2. All statutory references are to Texas Revised Civil Statutes Annotated.

3. Subdivision 2 of Article 1728 reads as follows:

"It is for the jury, however, to resolve any dispute in the evidence as to the circumstances under which the publication was made. . . ."

*Stearns* was a suit for slander wherein the court of civil appeals affirmed a jury verdict for plaintiff after finding, on rehearing, that the evidence summarized there supported the jury finding that defendant acted with malice in making the defamatory statement. The court quoted with approval from 36 Tex.Jur.2d 475 *Libel and Slander* § 149 which provides in part:

"In cases involving qualifiedly privileged defamation, although the existence of actual or express malice is not presumed as a matter of law and must be proved, it need not be proved by direct or extrinsic evidence; its existence is sufficiently shown by evidence of facts and circumstances from which it is reasonably inferable. . . ."

In *Buck* the court of civil appeals reformed and affirmed a plaintiff's judgment for actual and exemplary damages for libel and slander. The court held that the evidence enumerated in its opinion was sufficient to raise the issue of malice and that defendant's conditional privilege was lost by the jury finding of malice. The following rules were recognized by the court:

"A qualified or conditional privilege, as we understand the rule, comprehends bona fide communications, oral or written, upon any subject in which the author or the public has an interest or with respect to which he has a duty to perform to another owing a corresponding duty. Such privilege is termed conditional or qualified because a person availing himself of it must use it in a lawful manner and for a lawful purpose. The effect of the privilege is to justify the communication when it is made without actual malice. . . .

"The law, therefore, places the burden on the plaintiff to prove that the defendant in the exercise of a conditional privilege was prompted or partially prompted by malice or a want of good faith. . . .

"While actual or express malice must be proved, it need not be proved by direct or extrinsic evidence. Proof of facts and circumstances from which it may be reasonably inferred is sufficient. . . ."

■ In the instant case, the court of civil appeals held that, *under the facts proved at trial*, Southwestern Bell's conditional privilege to make the investigation arose as a matter of law and that there was no evidence of malice or improper motive to cause Southwestern Bell to lose the conditional privilege. It did not hold that under all facts a conditional privilege would be established as a matter of law. Nor did the courts in the three cases asserted to be in conflict hold that the question of conditional privilege or malice would always be a fact question for the jury. It is fundamental that an issue, which is normally a question of fact, can be proved so conclusively by the evidence at trial that it becomes a question of law, rather than a question of fact. *Cf. Texas & N. O. R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947).

Since there was no objection to the *New York Times* standard of malice which was submitted by the trial court, the court of civil appeals did not find it necessary to determine the proper standard to be applied against a non–media defendant. *See: New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809 (Tex. 1976); *Dun and Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896 (Tex.1970); *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403 (Tex.1969); *Roegelein Provision Co. v. Mayen*, 566 S.W.2d 1 (Tex.Civ.App.–San Antonio 1978, writ ref'd n. r. e.). It held only that there was no evidence to support the jury finding of malice.

■ Without considering the merits of this appeal, we conclude that the holding of the court of civil appeals that conditional privilege of Southwestern Bell exists as a matter of law *under the facts in this cause* does not conflict with the cited cases which held that under *those records* the issue of a

conditional privilege was a question of fact for the jury.

Our order granting the application for writ of error is set aside and the application is dismissed for want of jurisdiction.

GARWOOD, J., not sitting.