**Charles G. FLOYD, Jr., Appellant,**

v.

**PARK CITIES PEOPLE, INC., & Phil Stephens, Appellees.**

**No. 05–84–00012–CV.**

Court of Appeals of Texas, Dallas.

Jan. 8, 1985.

Rehearing Denied Feb. 11, 1985.

Before GUITTARD and ELLIS[1] C. JJ., and GUILLOT, J.

ELLIS, Chief Justice, Retired.

Charles G. Floyd, Jr., plaintiff below, appeals a summary judgment rendered against him in favor of the defendants, Park Cities People, Inc. and Phil Stephens. The principal question presented is whether there is sufficient summary judgment proof to establish as a matter of law that there is no genuine issue of fact as to whether Park Cities People and Stephens invaded Floyd's privacy. We hold that there is sufficient proof, and therefore, we affirm.

Floyd sued Park Cities People, a Park Cities' newspaper, and Stephens, its managing editor, after they published a photograph of Floyd's front yard, in which he is visible standing on his front porch. Floyd alleged that the photograph was published without his consent and that this publication gave unreasonable publicity to his private life, was an unreasonable intrusion into his privacy, and unreasonably placed him in a false light before the public. The summary judgment proof offered by Park Cities People and Stephens is that Floyd's front yard had become the subject of a controversy which was publicly debated before the Highland Park Town Council and that in reporting on the debate Stephens photographed the yard and Floyd, who was standing on his front porch in full view of the public.

In order to sustain an action for invasion of privacy of the type alleged here, a plaintiff must show an intentional intrusion upon his solitude, seclusion, or private affairs that would be highly offensive to a reasonable person; or that false statements of facts were publicized about him. *Gill v. Snow*, 644 S.W.2d 222, 224 (Tex.App.—Fort Worth 1982, no writ). Park Cities People and Stephens have brought sufficient summary judgment

Bruce W. Bowman, Rebecca L. Burt, Vial, Hamilton, Koch, Tubb & Knox, Dallas, for appellant.

C. Taylor Ashworth, Bird, Reneker & Ashworth, Dallas, for appellee.

[1] The Honorable James A. Ellis, Chief Justice, Seventh Supreme Judicial District, Retired, sitting by assignment.

proof that the information they published was already part of the public record and was a true and accurate account of a matter of public interest. In order to uphold a summary judgment, the moving party must establish that, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Park Cities People and Stephens have established that there is no genuine issue of fact as to any of the elements of Floyd's cause of action. Therefore, we hold that summary judgment was properly rendered.

We have considered Floyd's other two grounds and find no merit in them. His contention that he was improperly denied the right to amend his pleadings is not well taken because the summary judgment is based on affidavits attached to the motion rather than the insufficiency of his petition. His complaint of the trial court's consideration of letters from counsel is not well taken because the letters are only discussions of the law. Consequently, these points, also, are overruled.

Affirmed.