Claudia HANSSEN & Bruce
Hanssen, Appellants,

v.

OUR REDEEMER LUTHERAN CHURCH, Robert L. Segar, David Rayson, Raymond F. Widmer, Daniel Rheiner, III, & David A. Haak, Appellees.

No. 05–95–01092–CV.

Court of Appeals of Texas,
Dallas.

Nov. 26, 1996.

Opinion Overruling Rehearing
Jan. 6, 1997.

Rehearing Overruled Feb. 4, 1997.

G. Leroy Street, Geary, Porter & Donovan, P.C., Dallas, for appellants.

J. Shelby Sharpe, Sharpe & Tillman, Fort Worth, for appellees.

Before LAGARDE, WRIGHT and WOLFE,* JJ.

* The Hon. Joseph W. Wolfe, Justice, did not participate in this Court's opinion and rehearing due to the expiration December 31, 1996 of his term of office.

## OPINION

LAGARDE, Justice.

Claudia and Bruce Hanssen[1] appeal the trial court's grant of summary judgment in favor of Our Redeemer Lutheran Church and the church's audit committee members Robert L. Segar, David Rayson, Raymond F. Widmer, Daniel Rheiner, III, and David A. Haak (collectively ORLC) on Claudia Hanssen's claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress. In one point of error, Hanssen contends that the trial court erred in granting ORLC summary judgment. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Claudia Hanssen was a secretary at a private school operated by ORLC. Walter C. Shiffer, minister of education and school principal, was Hanssen's supervisor. Shiffer resigned after admitting to ORLC that he misappropriated church funds, destroyed church records, forged signatures, and committed other criminal acts. Shiffer later pleaded guilty to criminal charges for his admitted conduct in misappropriating school funds.[2] Shiffer also told ORLC that Hanssen participated in the misappropriations. After an audit by ORLC confirmed Shiffer's statements, ORLC asked Hanssen to resign. It is undisputed that ORLC published:

1. a letter to its members claiming that Hanssen misappropriated school funds;
2. a letter to the school children's parents claiming that Hanssen deposited tuition funds into the wrong accounts and subsequently used the funds for her personal benefit; destroyed checks, financial records, and bank records; forged signatures; covered up these indiscretions; received seventy dollars extra per pay period for nearly

two years as well as other undocumented "reimbursements"; and

3. a report to the church members reporting Hanssen's resignation and claiming that Hanssen deposited tuition funds into the wrong account and then used the funds to support programs and individuals outside of and over the budget adopted by the congregation.

At a meeting of church members, ORLC orally accused Hanssen of depositing tuition funds into the wrong account and then using the funds for her personal benefit or for other people or projects as she and Shiffer saw fit; destroying checks, bank records, and financial records; forging signatures; and covering up many of these indiscretions.

Hanssen's pleadings claimed that ORLC's actions defamed her, placed her in a false light, and inflicted her with emotional distress. ORLC answered, asserting several special exceptions and claiming that it had no knowledge that any publication was untrue.[3] ORLC also asserted the affirmative defense of qualified privilege, the supreme court's failure to recognize the tort of false light, and a lack of outrageous conduct to support the claim of infliction of emotional distress. Hanssen amended her original petition, making no substantive changes but adding the requested exhibits and again claiming defamation, invasion of privacy, and intentional infliction of emotional distress. ORLC answered with a general denial.[4]

ORLC then moved for summary judgment, asserting a qualified privilege against Hanssen's defamation claim, the supreme court's failure to recognize the tort of false light, and a lack of outrageous conduct to support the claim of intentional infliction of emotional distress. As evidence, ORLC offered Hanssen's pleadings; affidavits of Se-

1. Bruce Hanssen's only claim is a loss of consortium claim that is solely derivative of Claudia Hanssen's claims.

2. The record does not reflect the number or types of offenses to which Shiffer pleaded guilty.

3. ORLC's special exceptions contended that Hanssen's pleadings were defective because the

petitions served on ORLC did not contain any of the exhibits to which the pleadings referred.

4. Although ORLC's pleading is styled "Original Answer," the parties have treated it as a supplemental answer. Likewise, we construe it as a supplemental answer.

gar, Rayson, Widmer, Rheiner, Haak, Houska, and Sharpe; several letters; Hanssen's responses to ORLC's interrogatories; Hanssen's objections and responses to ORLC's interrogatories; and excerpts and exhibits from Shiffer's January 14, 1995 deposition.

Hanssen responded to ORLC's motion for summary judgment, contending that ORLC defamed her maliciously, knowingly, with conscious indifference to her rights, recklessly, and with heedless disregard for the truth or falsity that the publications had no factual basis. As evidence, Hanssen relied on the pleadings on file; ORLC's motion for summary judgment; the depositions of Segar, Haak, Rheiner, Widmer, Rayson, and Houska; and affidavits of Leroy Street.

The trial court granted ORLC summary judgment without specifying its reasons for doing so. The judgment states that the court reviewed the motion for summary judgment with its supporting affidavits, plaintiff's response and its supporting affidavits, and argument of counsel. The court found that there were no disputed issues of material fact and that ORLC was entitled to judgment as a matter of law on all causes of action.

## SUMMARY JUDGMENT

In her only point of error, Hanssen argues that the trial court improperly granted ORLC summary judgment because there is summary judgment evidence that contradicts ORLC's legal and factual positions. Hanssen argues that fact issues remain about 1) whether the publications were accurate, 2) whether ORLC reasonably believed Shiffer, and 3) whether ORLC published only to those with an interest recognized by law.

ORLC contends that summary judgment was proper because ORLC established as a matter of law its affirmative defense of qualified privilege to Hanssen's defamation claim; Texas does not recognize a false light cause of action; and the allegations were insufficient, as a matter of law, to prove ORLC's conduct was so extreme and outrageous to constitute intentional infliction of emotional distress. Contending that no genuine issue of material fact remained, ORLC argues that it was entitled to summary judgment as a matter of law.

## Standard of Review and Burden of Proof

■ The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984); *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

■ When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *See Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex. Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pleaded by the plaintiff, *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Conversely, the plaintiff can bar summary judgment by presenting evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty Sur. Co.,* 457 S.W.2d 50, 52 (Tex. 1970); *see also Puga v. Donna Fruit Co.,* 634 S.W.2d 677, 680–81 (Tex.1982). Alternative-

ly, the plaintiff can defeat the motion by conceding that the material facts are undisputed, but convincing the court that the defendant's legal position is unsound. *See Estate of Devitt,* 758 S.W.2d 601, 602 (Tex. App.—Amarillo 1988, writ denied).

## Interested Witnesses

■ The testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the factfinder. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990). An exception to this rule is that when the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. *Id.* These are the tests that courts have traditionally applied to an interested witness's testimony, whether in summary judgment proceedings or in jury or nonjury trials, involving the question of whether a fact is established or negated as a matter of law. *Duncan v. Horning,* 587 S.W.2d 471, 473 (Tex.Civ.App.—Dallas 1979, no writ). The exception to the interested witness rule is especially true when the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. *Ragsdale,* 801 S.W.2d at 882. Failure to contradict is another factor to be considered by the court, but it does not necessarily preclude the holding that a fact issue is raised when there are circumstances in evidence tending to discredit or impeach the testimony of the interested witness. *Id.* Not every case in which uncontradicted testimony is offered mandates an award of the relief claimed. *Id.* For example, even though the evidence might be uncontradicted, if it is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. *Id.* In order for the court to award summary judgment, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct, and positive, and free from contradiction,

inaccuracies, and circumstances tending to cause suspicion thereon. The court may grant summary judgment in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so. *Id.;* *see also* TEX.R. CIV. P. 166a(c).

## The Parties' Burdens

As the movant, ORLC had the burden of showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. In deciding whether there was a disputed material fact issue precluding summary judgment, all evidence favorable to Hanssen, the non-movant, will be taken as true. ORLC can prevail by conclusively establishing against Hanssen at least one factual element of each theory pleaded by Hanssen or by conclusively establishing every factual element of an affirmative defense. Hanssen can bar summary judgment by presenting evidence that creates a fact question on those elements of her case under attack by ORLC or on at least one element of any affirmative defense. Alternatively, Hanssen can defeat the motion by conceding that the material facts are undisputed, but convincing the court that ORLC's legal position is unsound.

■ The interested witness testimony offered in this case consisted of the affidavits of Segar, Rayson, Widmer, Rheiner, Haak, Houska, and Sharpe. Generally, this evidence would only raise a fact issue. However, these affidavits were not contradicted by any other witness or attendant circumstances. The information in the affidavits is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon. Hanssen had the means and opportunity to disprove this testimony and failed to do so by providing her own affidavit or affidavits from other witnesses. These affidavits did more than raise a fact issue because they were both reasonable and credible. The information in the affidavits is thus taken as true, as a matter of law.

### Grant of General Summary Judgment

■ When the trial court grants summary judgment without specifying its reasons for doing so, an appellant's point of error stating, "the trial court erred in granting the motion for summary judgment" is sufficient to allow argument on all possible grounds upon which summary judgment should have been denied. *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970) (citing TEX.R. CIV. P. 418). Therefore, we review each of Hanssen's claims that could have been the basis for ORLC's summary judgment.

### DEFAMATION

Hanssen argues that ORLC is not entitled to summary judgment based on its affirmative defense of qualified privilege because ORLC did not conclusively establish that ORLC published the statements without malice or that ORLC properly limited the scope of publication. ORLC argues that the trial court properly granted summary judgment because the summary judgment evidence conclusively established ORLC's affirmative defense of qualified privilege. ORLC contends that all communications regarding Hanssen were privileged because they were made by one in discharge of a duty to another who had an interest in or a duty to receive the information.

■ A statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him, or if it tends to expose him to public hatred, contempt, or ridicule. *See Hardwick v. Houston Lighting & Power Co.,* 881 S.W.2d 195, 197 (Tex. App.—Corpus Christi 1994, writ dism'd w.o.j.). Publication of defamatory words means to communicate orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that he did so understand. *Ramos v. Henry C. Beck Co.,* 711 S.W.2d 331, 335 (Tex.App.—Dallas 1986, no writ). A cause of action for libel accrues if the defendant publishes a false, defamatory statement of fact of and concerning the plaintiff and if the defendant was at fault. *Holly v. Cannady,* 669 S.W.2d 381, 383 (Tex.App.—Dallas

1984, no writ). Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 646 (Tex.1995). To be entitled to summary judgment, the defendant has the negative burden to prove the absence of at least one of these elements, for example, that the statement complained of was not defamatory, that the statement was not published, or that a legal excuse exists. *Ramos,* 711 S.W.2d at 333–34.

■ Legal excuse includes the defense of qualified privilege. A privilege will be granted to statements that occur under circumstances wherein any one of several persons having a common interest in a particular subject matter may reasonably believe that facts exist that another, sharing that common interest, is entitled to know. *Gillum v. Republic Health Corp.,* 778 S.W.2d 558, 572 (Tex.App.—Dallas 1989, no writ). A qualified privilege attaches to bona fide communications, oral or written, upon any subject in which the author or the public has an interest or with respect to which the author has a duty to perform to another owing a corresponding duty. *Dixon v. Southwestern Bell Tel. Co.,* 607 S.W.2d 240, 242 (Tex.1980). This privilege is termed conditional or qualified because a person availing himself of it must use it in a lawful manner and for a lawful purpose. *Id.* The effect of the privilege is to justify the communication when it is made without actual malice. *Dun & Bradstreet, Inc. v. O'Neil,* 456 S.W.2d 896, 899 (Tex.1970).

■ Thus, when a statement is privileged, Texas law requires a showing of actual malice to overcome that privilege. *Dixon,* 607 S.W.2d at 242. Actual malice means with knowledge that the statement was false or with reckless disregard of whether it was false. *Dun & Bradstreet,* 456 S.W.2d at 900. Reckless disregard requires proof that a false defamatory statement was made with a high degree of awareness of its probable falsity. *Gillum,* 778 S.W.2d at 572. Generally, when publication is made under circumstances creating a qualified privilege, the plaintiff has the burden to prove malice. *Ra-*

*mos,* 711 S.W.2d at 335. However, when a defendant moves for summary judgment, as movant, he has the burden to prove the absence of malice. *Jackson v. Cheatwood,* 445 S.W.2d 513, 514 (Tex.1969); *Ramos,* 711 S.W.2d at 335. Malice exists when the evidence shows that the speaker entertained serious doubts as to the truth of his statements. *Gillum,* 778 S.W.2d at 572. Therefore, the defendant can prove the absence of malice by showing that the speaker never entertained serious doubts as to the truth of his statements. Significantly, malice cannot be inferred from the character of the allegedly defamatory statement without other evidence to prove it. *Id.* at 572–73. The burden is on ORLC, as the movant/defendant, to show that ORLC acted without actual malice in the exercise of a qualified privilege.

▮ Reviewing the summary judgment evidence in this light, we conclude that the summary judgment evidence establishes the following:

All of the members of ORLC have a common interest in the church's use of their financial contributions to the church; thus, the members have a common interest in information about those funds. The members who made the statements in question reasonably believed that the misappropriation took place and that the board, the members, and the parents shared a common interest in the use of the funds and information about those funds. ORLC reasonably believed that these people were entitled to know of the misappropriation. ORLC had a duty to perform for the board, the members, and the parents. ORLC made the communications without actual malice. Shiffer confessed his and Hanssen's involvement, and Shiffer later pleaded guilty to criminal charges. ORLC's audit confirmed all of Shiffer's statements. Hanssen never swore under oath in an affidavit in opposition to summary judgment that the statements were lies. Hanssen kept the misappropriated funds in a shoe box in her closet and returned the funds when accused. Shiffer testified that the statements were true. Hanssen admits receiving personal benefit from the misappropriation of funds. Hanssen admits she destroyed records. ORLC neither entertained serious doubts as to the truth of the statements nor made these statements with a high degree of awareness of their probable falsity. The communications appeared accurate, ORLC reasonably believed Shiffer, and church members and parents who received information had an interest in the funds and information about the funds.

We conclude that the summary judgment evidence conclusively showed that ORLC acted without malice and in good faith, and, thus, ORLC conclusively established its affirmative defense of qualified privilege. Consequently, the trial court properly granted ORLC summary judgment on Hanssen's claim of defamation.

## FALSE LIGHT INVASION OF PRIVACY

▮ Hanssen argues that the trial court improperly granted summary judgment on her claim of false light invasion of privacy because the trial court based its judgment on ORLC's contention that no such cause of action exists in Texas. Hanssen argues that ORLC did not establish the nonexistence of this cause of action in Texas. ORLC argues that the trial court properly granted summary judgment because Texas does not recognize a false light invasion of privacy cause of action.

Hanssen conceded this point of error at oral argument. Thus, we have no duty to even consider the point. *See Missouri–Kansas–Texas R.R. v. Heritage Cablevision of Dallas, Inc.,* 783 S.W.2d 273, 277 (Tex.App.— Dallas 1989, no writ) (when a party concedes a point of error at oral argument, the court of appeals may refuse to consider the point). However, we consider the point in the interest of justice.

The supreme court recently held that the claim of false light invasion of privacy does not exist in Texas, even though several Texas courts of appeals and several federal courts interpreting Texas law previously recognized this claim. *Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex.1994) (citing *Floyd v. Park Cities People, Inc.,* 685 S.W.2d 96, 97–8 (Tex. App.—Dallas 1985, no writ), and *National Bonding Agency v. Demeson,* 648 S.W.2d

748, 749–50 (Tex.App.—Dallas 1983, no writ)). The supreme court rejected the false light invasion of privacy tort for two reasons: 1) it largely duplicates other rights of recovery, particularly defamation; and 2) it lacks many of the procedural limitations that accompany actions for defamation, thereby unacceptably increasing the tension that already exists between free speech constitutional guarantees and tort law. *Cain,* 878 S.W.2d at 579–80.

Hanssen bases her argument that Texas might recognize this tort on *Diamond Shamrock Refining & Marketing Co. v. Mendez,* in which the supreme court discussed false light invasion of privacy. *See Diamond Shamrock Ref. & Mktg. Co. v. Mendez,* 844 S.W.2d 198 (Tex.1992). However, Hanssen's argument fails for two reasons. First, *Cain's* 1994 holding clearly overruled *Diamond Shamrock's* 1992 language that suggested the claim of false light invasion of privacy might exist in Texas. *See Cain,* 878 S.W.2d at 578. Second, the opinion in *Diamond Shamrock* never explicitly recognized a false light cause of action, stating only that the supreme court did not yet either recognize or disapprove the tort. *Diamond Shamrock,* 844 S.W.2d at 200. The court remanded the case for a new trial to allow the plaintiff to prove an element of the claim and to allow the defendant an opportunity to object to this theory of recovery. *See Id.* at 200.[5] Therefore, Hanssen's argument lacks merit because her legal position on false light invasion of privacy is unsound. The trial court correctly granted summary judgment on Hanssen's claim of false light.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ Hanssen argues that the trial court improperly granted summary judgment on her intentional infliction of emotional distress cause of action because the trial court erroneously held that ORLC's conduct was not outrageous or extreme as a matter of law. Hanssen contends that both Texas statutory and case law hold that intentionally accusing

someone of a crime is intolerable in a civilized society. ORLC argues that, as a matter of law, privileged communications are not extreme and outrageous.

■ The elements of an intentional infliction of emotional distress claim are: 1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe. *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). Liability for outrageous conduct should be found only when the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.* Falsely depicting the plaintiff in the community as a thief is not sufficiently outrageous to raise a fact issue on outrageous conduct. *Diamond Shamrock,* 844 S.W.2d at 202.

ORLC depicted Hanssen as a thief; however, this statement is not sufficiently outrageous to raise a fact issue on outrageous conduct. The trial court properly granted summary judgment because ORLC conclusively negated the factual element of outrageous conduct under the plaintiff's pleading of intentional infliction of emotional distress.

### CONCLUSION

We conclude that the trial court properly granted summary judgment for ORLC on all causes of action alleged against it, including Bruce Hanssen's derivative claim. Accordingly, we overrule Hanssen's point of error and affirm the trial court's judgment.

### SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

In our opinion of November 26, 1996, we addressed the trial court's grant of summary judgment to ORLC on Hanssen's claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress. In her motion for rehearing, Hanssen

---

**5.** The *Diamond Shamrock* opinion concedes the difficulties inherent in its disposition. *Diamond*

*Shamrock,* 844 S.W.2d at 201.

argues that her answers to ORLC's interrogatories created fact issues that precluded summary judgment for ORLC on her claim of defamation. In this supplemental opinion on motion for rehearing, we address Hanssen's points of error regarding her answers to ORLC's interrogatories.

 In her first point of error, Hanssen argues that we erred in affirming the trial court's summary judgment in favor of ORLC because substantial fact issues remain. Hanssen argues that ORLC included her sworn interrogatory answers in its motion for summary judgment, and in those answers she affirmatively stated that the communications in question were not true. Hanssen admits that she never swore in an affidavit that the statements were false, but contends that her verified answers to ORLC's interrogatories created a fact issue as to the truth or falsity of the statements.

Answers to interrogatories may be used only against the party answering the interrogatories. TEX. R. CIV. P. 168; *CKB & Assocs., Inc. v. Moore McCormack Petroleum, Inc.*, 809 S.W.2d 577, 587 n. 5(Tex.App.–Dallas 1991, writ denied) (interrogatories are admissible only against the party answering them). If one party propounds interrogatories to the other party, as provided for by rule 168, the answering party cannot use the answers to the interrogatories as evidence in discharge of its burden of proof because rule 168 specifically provides that such answers to interrogatories may be used only against the party answering them, not for the party answering them. *Black v. Frank Paxton Lumber Co.*, 405 S.W.2d 412, 414 (Tex.Civ.App.–Dallas 1966, writ ref'd n.r.e.). In *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99, 102 (Tex.Civ.App.–Dallas 1975, no writ), the appellant contended that his answers to interrogatories were sufficient to raise issues of fact to defeat the appellee's motion for summary judgment. We held that the appellant's contention was without merit because answers to interrogatories can be used only against the party filing the answers. *Id.* As in *Jeffrey*, Hanssen's contention is without merit because her answers to interrogatories can only be used by ORLC against her, not for her to discharge her burden of proof and create issues of fact precluding summary judgment. *See* TEX. R. CIV. P. 168; *Jeffrey*, 532 S.W.2d at 102. Although Hanssen's answers were admissible against Hanssen on her claim against ORLC, by the express provision of the rules of appellate procedure, her answers were not admissible in Hanssen's claim against ORLC and were, in that context, nothing more than self-serving hearsay statements. *See* TEX. R. CIV. P. 168; *Aetna Life & Cas. v. Hampton State Bank*, 497 S.W.2d 80, 87 (Tex.Civ.App.–Dallas 1973, writ ref'd n.r.e.).

Furthermore, Hanssen's answers to ORLC's interrogatories stated that the allegedly defamatory statements were not true. ORLC did not move for summary judgment based on truth. ORLC moved for summary judgment based on the defense of qualified privilege. Even if Hanssen were allowed, in violation of the rules of appellate procedure, to use her answers to ORLC's interrogatories to discharge her burden of proof and create fact issues precluding summary judgment, Hanssen's answers claiming that the statements were not true did not create a fact issue on ORLC's defense of qualified privilege.

We overrule Hanssen's motion for rehearing.