NUMBER 13-05-700-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EUGENE X. MERCIER, Appellant,


v.


SOUTHWESTERN BELL 

YELLOW PAGES, INC., Appellee.

 


On appeal from the County Court at Law No. 2
of Nueces County, Texas

 


OPINION ON REHEARING



Before Justices Yañez, Rodriguez, and Garza


Opinion on rehearing by Justice Garza


 

 Appellant, Eugene X. Mercier, appeals the trial court's summary judgment in favor
of Southwestern Bell Yellow Pages, Inc. By two issues, Mercier asserts the trial court erred
in granting summary judgment and in awarding attorney's fees. We affirm in part and
reverse and remand in part. 

I. Background

 Southwestern Bell sued Mercier to recover a debt of $274,767.29 for advertising
services and additionally sought an award of $91,589.09 in attorney's fees. Southwestern
Bell moved for summary judgment asserting its entitlement to recover on the debt under
the causes of action of sworn account, breach of contract, and quantum meruit, as well as
its entitlement to recover attorney's fees and costs of court. See Tex. R. Civ. P. 166a(c). 
Mercier did not respond and the trial court entered an order granting summary judgment. 
Mercier then filed a motion for new trial, which the trial court granted. Southwestern Bell
subsequently filed a second motion for summary judgment adopting by reference its
original motion for summary judgment including the exhibits. See Tex. R. Civ. P. 58
(providing "[s]tatements in a pleading may be adopted by reference in a different part of
the same pleading or in another pleading or in any motion, so long as the pleading
containing such statements has not been superseded by an amendment as provided by
Rule 65"). Without stating its reasons, the trial court granted summary judgment in favor
of Southwestern Bell. Mercier again filed a motion for new trial. The motion was denied. 
This appeal ensued. 

II. Standard of Review

 We review the granting of a traditional motion for summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Branton v. Wood, 100
S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no pet.) (citing Natividad v. Alexsis, Inc.,
875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28
S.W.3d 723, 726 (Tex. App.-Corpus Christi 2000, pet. denied)). To prevail, the movant
has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law. Branton, 100 S.W.3d at 646 (citing Tex. R. Civ. P.
166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991)). Only when the
movant meets this burden does the burden shift to the nonmovant to raise a genuine issue
of material fact. See M.D. Anderson Hosp. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (per
curiam); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
In determining whether there is a genuine issue of material fact, evidence favorable to the
nonmovant is taken as true, and all reasonable inferences and doubts are resolved in favor
of the nonmovant. Branton, 100 S.W.3d at 646. The trial court did not state the specific
grounds for its ruling; therefore, we will affirm if any of the theories advanced in the motion
for summary judgment are meritorious. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989); Jones v. Ray Ins. Agency, 59 S.W.3d 739, 744 (Tex. App.-Corpus Christi 2001,
pet. denied). 

III. Causes of Action 

 To recover for breach of contract, Southwestern Bell was required to show that there
was no genuine issue of fact and that as a matter of law it had proven (1) the existence of
a valid contract, (2) performance or tendered performance by Southwestern Bell, (3)
breach of the contract by Mercier, and (4) damages to Southwestern Bell resulting from
that breach. See Adams v. H & H Meat Prods., Inc., 41 S.W.3d 762, 771 (Tex.
App.-Corpus Christi 2001, no pet.); Pegasus Energy Group, Inc. v. Cheyenne Petroleum
Co., 3 S.W.3d 112, 127 (Tex. App.-Corpus Christi 1999, pet. denied). 

 To recover on its theory of quantum meruit, Southwestern Bell was required to
establish that (1) it provided valuable services to Mercier, (2) Mercier accepted the
services, and (3) Mercier had reasonable notice that Southwestern Bell expected to be
paid by Mercier. Heldenfels Bros. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992). 

 As evidence in support of its motion for summary judgment, Southwestern Bell
provided copies of a number of contracts executed by Mercier by which Southwestern Bell
agreed to provide advertising to Mercier in the 2003 and 2004 Corpus Christi and Rio
Grande Valley telephone directories and by which Mercier agreed to pay for the
advertising. Southwestern Bell's summary judgment evidence further demonstrated that
Southwestern Bell provided advertising in the directories and that there remained an
unpaid balance of $274,767.29. In his response to Southwestern Bell's motion for
summary judgment, Mercier acknowledged that he contracted for the advertising services
and that he did not pay for the services. Based on the foregoing evidence, we conclude
Southwestern Bell established its entitlement to summary judgment on both breach of
contract and quantum meruit grounds as a matter of law. (1) Having concluded that
Southwestern Bell established its entitlement to summary judgment, the burden shifts to
Mercier to show why summary judgment is improper. See Willrich, 28 S.W.3d at 23 ("The
nonmovant has no burden to respond to a summary judgment motion unless the movant
conclusively establishes its cause of action or defense."). 

 Mercier's written response generally alleged that genuine issues of material fact
existed as to Southwestern Bell's claims for sworn account, breach of contract and
quantum meruit. The response did not specify on which elements of the stated causes of
action fact issues existed and did not explain what issues defeated summary judgment. 
Instead, in support of his argument that material fact issues existed, Mercier generally
referenced an affidavit attached as summary judgment evidence. It is in this affidavit that
Mercier first presents the issues he claims would justify denying summary judgment. 
However, any issues a non-movant contends avoid the movant's entitlement to summary
judgment must be expressly presented by written answer to the motion or by other written
response to the motion and are not expressly presented by mere reference to summary
judgment evidence. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993) (citing City of Houston, 589 S.W.2d at 678). The supreme court has made it clear,
that, rigorous as it may seem, rule 166a (c) must be applied as written and we are not
allowed to review the summary judgment evidence to determine whether grounds (or
"issues" when, as in the present case, referring to a non-movant's response) are expressly
presented; instead, they must be stated in the written response. Id.; Garrod Invs., Inc. v.
Schlegel, 139 S.W.3d 759, 765 (Tex. App.-Corpus Christi 2004, no pet.) (following
McConnell); McCord v. Dodds, 69 S.W.3d 230, 232 (Tex. App.-Corpus Christi 2001, pet.
denied) (same). (2)
 Because Mercier failed to specifically address the elements of each
cause of action on which he claimed fact issues existed and because he failed to expressly
present any issues precluding summary judgment in his written response, Mercier did not
raise any fact issues precluding summary judgment. 

 On appeal, Mercier also contends that summary judgment was improper because
his written response to Southwestern Bell's motion for summary judgment raised genuine
issues of material fact as to two affirmative defenses. He contends his response "fairly
raises the affirmative defenses of fraud and failure of consideration. . . ." However, the
affirmative defenses were not expressly presented in Mercier's written response. Instead,
Mercier raised the defenses in the affidavit attached as summary judgment evidence. We
have already held that issues a non-movant contends avoid the movant's entitlement to
summary judgment must be expressly presented by written answer to the motion or by
other written response to the motion and are not expressly presented by mere reference
to summary judgment evidence. McConnell, 858 S.W.2d at 341. And, we are not allowed
to review the summary judgment evidence to determine whether issues are expressly
presented in the written response. See id.; Garrod, 139 S.W.3d at 765; McCord, 69
S.W.3d at 232. Because Mercier failed to expressly present the affirmative defenses in
his written response, and further failed to address the elements of each cause of action on
which he claimed fact issues existed, his response raised no fact issues precluding
summary judgment. Mercier's first issue is overruled. 

IV. Attorney's Fees

 In his second issue, Mercier contends the trial court erred in awarding Southwestern
Bell attorney's fees in the amount of $91,589.00. Mercier contends Southwestern Bell
failed to demonstrate the reasonableness and necessity of the fees. We agree. 

 The trial court awarded attorney's fees under section 38.001 of the Civil Practice
and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997). Section
38.001 provides that a "person may recover reasonable attorney's fees from an individual
or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . .
an oral or written contract." Id. The trial court has discretion to fix the amount of attorney's
fees, but does not have discretion to deny attorney's fees entirely if they are proper. See
Great Global Assurance Co. v. Keltex Properties, 904 S.W.2d 771, 776 (Tex. App.-Corpus
Christi 1995, no pet.) ("A court has discretion to fix the amount of attorney's fees."); Budd
v. Gay, 846 S.W.2d 521, 524 (Tex. App.-Houston [14th Dist.] 1993, no writ); see also
Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998) (noting that statutes providing that a
party "may recover" attorney's fees are not discretionary). The awarding of fees under
section 38.001 is mandatory if there is proof of the reasonableness of the fees. Budd, 846
S.W.2d at 524. 

 A trial court's award of attorney's fees is thus reviewed for an abuse of discretion. 
Bocquet, 972 S.W.2d at 21; Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881
(Tex. 1990) (per curiam). A trial court abuses its discretion when it acts arbitrarily and
unreasonably and without reference to guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing
matters reserved for the trial court's discretion, a court of appeals may not substitute its
own judgment for that of the trial court. See Flores v. Fourth Court of Appeals, 777 S.W.2d
38, 41-42 (Tex. 1989).

 The determination of reasonable attorney's fees is a question for the trier of fact. 
See Ragsdale, 801 S.W.2d at 882; see also Gonzalez v. Nielson, 770 S.W.2d 99, 102
(Tex. App.-Corpus Christi 1989, writ denied). Factors to be considered in determining the
amount of reasonable attorney's fees include: (1) the time and labor required, novelty and
difficulty of the question presented, and the skill required to properly perform the legal
service; (2) the likelihood that the acceptance of employment precluded other employment
by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the
amount involved and the results obtained; (5) the time limitations imposed by the client or
by the circumstances; (6) the nature and length of the professional relationship with the
client; (7) the experience, reputation, and ability of the lawyer performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection
before the legal services have been rendered. See Tex. Disciplinary R. Prof'l Conduct
1.04(b), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex.
State Bar R. art. X, § 9); Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812,
818 (Tex. 1997). The court is not required to receive evidence on each of these factors. 
Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp., 113 S.W.3d 889, 897-98
(Tex. App.-Dallas 2003, no pet). The court can also look at the entire record, the evidence
presented on reasonableness, the amount in controversy, the common knowledge of the
participants as lawyers and judges, and the relative success of the parties. Id.

 Citing Ragsdale, Southwestern Bell argues that its affidavit on attorney's fees was
"clear, direct, and uncontroverted," and, therefore, established its entitlement to attorney's
fees "as a matter of law." See Ragsdale, 801 S.W.2d at 881-82. Southwestern Bell further
contends the trial court correctly awarded the fees because "Mercier had the means and
opportunity of disproving the affidavit and failed to do so." Id. 

 Generally, the testimony of an interested witness, such as a party to the suit, though
not contradicted, does no more than raise a fact issue to be determined by the factfinder. 
Id. at 882. Where the testimony of an interested witness, however, is not contradicted by
any other witness, or attendant circumstances, and the same is clear, direct and positive,
and free from contradiction, inaccuracies, and circumstances tending to cast suspicion
thereon, it is taken as true, as a matter of law. Id. This is especially true where the
opposing party had the means and opportunity to disprove the testimony or evidence and
failed to do so. Id. at 882; see Tex. Civ. Prac. & Rem. Code Ann. § 38.003 (Vernon 1997)
(creating statutory presumption that the "usual and customary attorney's fees" are
reasonable for a chapter 38 claim); see also Gen. Elec. Supply Co. v. Gulf Electroquip,
Inc., 857 S.W.2d 591, 601-02 (Tex. App.-Houston [1st Dist.] 1993, no writ) (noting that
section 38.003 presumption does not apply unless reasonableness of fees
uncontroverted). This exception to the general rule regarding interested witness testimony,
however, does not mean in every case in which a party offers uncontradicted testimony,
such testimony mandates an award of the entire amount sought. Ragsdale, 801 S.W.2d
at 882; Welch v. Hrabar, 110 S.W.3d 601, 602 (Tex. App.-Houston [14th Dist.] 2003, pet.
denied); Hanssen v. Our Redeemer Lutheran Church, 938 S.W.2d 85, 91 (Tex.
App.-Dallas 1996, writ denied). Even though the evidence might be uncontradicted, if the
offered evidence is unreasonable, incredible, or its belief is questionable either from
another witness or attendant circumstances, then such evidence would only raise a fact
issue to be determined by the trier of fact. Ragsdale, 801 S.W.2d at 881-82; Welch, 110
S.W.3d at 602; Hanssen, 938 S.W.2d at 91. 

 In the present case, Southwestern Bell provided an affidavit from its attorney, Ryan
E. Stevens, in support of its request for attorney's fees. In the affidavit, Stevens states:

Plaintiff employed me to collect the claim on which this suit is based. In
consideration for such services, Plaintiff has agreed to pay reasonable
attorney's fees. Between then and the date of this affidavit, I performed and
will perform several hours of work on this matter, including or causing to be
done the following: Original Petition; file suit; receive correspondence from
process server confirming service of process; calculate Answer date; review
Defendant's Original Answer; prepare Motion for Summary Judgment;
prepare Affidavit in Support of Motion for Summary Judgment; prepare
Affidavit in support of Attorney's Fees in Plaintiff's Motion for Summary
Judgment; Correspondence to Plaintiff forwarding Affidavit for signature;
review signed Affidavit; file Motion and Affidavits; get setting for hearing on
Motion; review Defendant's response, if any; attend hearing; prepare
Judgment; get Court's signature to Judgment; file same. 


Stevens goes on to state that he expects "that an additional several hours of my time will
be required to perform post-judgment discovery and to satisfy the judgment by writ of
execution and other procedures." As proof of reasonableness, Stevens contended: 

I am familiar with attorney's fees customarily charged by attorneys in Nueces
County, Texas, in similar suits, and hereby state that the sum of 1/3 of
amount owed or $91,589.09 would be a reasonable fee for the above-described services performed in this cause through summary judgment. 


 Mercier responded that Stevens' affidavit failed to detail (1) the contract of
employment he has with Southwestern Bell, (2) the amount charged for his services, (3)
the number of hours expended in the case, or (4) the amount of attorney's fees
Southwestern Bell has paid him for his services. On appeal, Mercier reurges his
contention that, without proof of a written contingency fee agreement, and without proof,
other than Stevens' conclusory statement, that an award of attorney's fees for "1/3 of the
amount owed" would be reasonable, Stevens failed to show himself entitled to the fees
awarded. 

 To the extent Stevens implies he entered into a contingency fee agreement with
Southwestern Bell, he failed to present any evidence of such contract. Rule 1.04(d)
provides in part: 

A contingent fee agreement shall be in writing and shall state the method by
which the fee is to be determined. If there is to be a differentiation in the
percentage or percentages that shall accrue to the lawyer in the event of
settlement, trial or appeal, the percentage for each shall be stated. The
agreement shall state the litigation and other expenses to be deducted from
the recovery, and whether such expenses are to be deducted before or after
the contingent fee is calculated.

 

Tex. Disciplinary R. Prof'l Conduct 1.04(d), reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). The absence of proof of
a written contingency fee agreement creates an attendant circumstance surrounding the
alleged existence of such an agreement. In light of the circumstances, we conclude
Stevens' evidence was controverted and questionable. Thus, it did not rise to the level that
would permit an award of attorney's fees as a matter of law under Ragsdale. See Disbrow
v. Healey, 982 S.W.2d 189, 193-94 (Tex. App.-Houston [1st Dist.] 1998, no pet.); Inwood
N. Homeowners' Ass'n v. Wilkes, 813 S.W.2d 156, 158 (Tex. App.-Houston [14th Dist.]
1991, no writ). 

 Further, in Andersen, the supreme court held that a contingency fee agreement
alone cannot support an award of attorney's fees. Arthur Andersen & Co., 945 S.W.2d at
818. The court explained that, while a contingent fee may be a reasonable fee from the
standpoint of the parties to the contract, i.e., a plaintiff and his lawyer, it could not agree
that the mere fact that a party and a lawyer have agreed to a contingent fee means that
the fee arrangement is in and of itself reasonable for purposes of shifting that fee to the
defendant. Id. The court concluded that although a party's contingent fee agreement
should be considered by the factfinder, a determination of the reasonableness of the fee
must take into consideration the factors required by rule 1.04. Id. at 818-19 (providing that
evidence of a contingency fee agreement alone, without evidence of the factors identified
in rule 1.04, cannot support an award of attorney's fees). We conclude Stevens'
contentions that Southwestern Bell agreed to pay reasonable attorney's fees and that 1/3
or $91,589.09 would be reasonable, without evidence of the other factors in rule 1.04, most
importantly, without evidence that the fee is reasonable for purposes of shifting the fee to
Mercier, does not prove that the fee was reasonable for purposes of a recovery of
attorney's fees from Mercier. See id. Accordingly, we conclude the trial court erred in
awarding Southwestern Bell's request for attorney's fees. 

 We affirm the trial court's order granting summary judgment in favor of
Southwestern Bell and reverse and remand the award of attorney's fees to the trial court
for proceedings consistent with this opinion. 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Concurring Opinion by

 Justice Linda Reyna Yañez.


 Opinion delivered and filed this 

 the 25th day of January, 2007. 



 
1. Because we conclude summary judgment was appropriate under either breach of contract or
quantum meruit grounds, we need not address whether summary judgment was proper on sworn account
grounds. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Jones v. Ray Ins. Agency, 59 S.W.3d 739,
744 (Tex. App.-Corpus Christi 2001, pet. denied). 
2. In McConnell, the supreme court explained that "[c]onsistent with Rule 166a, we use the term
"grounds" to refer to the reasons entitling the movant to summary judgment. Likewise, we use the term
"issues" to refer to the reasons the non-movant contends defeat the movant's entitlement to summary
judgment." McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 n.2 (Tex. 1993). We interpret
this to mean that the term "issues" and "grounds" are used interchangeably depending on whether we are
referring to the movant or non-movant.