COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ROSA SERRANO,


 Appellant,


v.



FIRST PRESTONS MANAGEMENT
CORPORATION,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00042-CV



Appeal from the


34th Judicial District Court


of El Paso County, Texas 


(TC# 2006-5577) 



O P I N I O N


 This is one of a series of lawsuits filed by Ms. Rosa Serrano regarding the repossession
and foreclosure of her family home. (1) Ms. Serrano filed this lawsuit on February 5, 2004, alleging
First Prestons Management Corporation ("First Prestons") was involved in the wrongful
foreclosure of the Serrano home as the loan servicing agent for Union Planter's Bank. Union
Planter's Bank held the mortgage on the property while it was owned by the Serrano family.

 First Prestons filed its first motion for summary judgment on June 20, 2006. The trial
court granted First Prestons's motion on July 26, 2006. On September 5, 2006, Ms. Serrano
amended her petition to include a cause of action for an alleged violation of the Federal Single
Family Mortgage Foreclosure Act. In response to this new cause of action, First Prestons filed its
second motion for summary judgment, and a motion to sever the case from Ms. Serrano's claims
against the other defendants.

 On November 30, 2006, the trial court entered orders severing First Prestons's case from
Ms. Serrano's claims against the other defendants, and granting First Prestons's second motion
for summary judgment.

 Ms. Serrano seeks to raise four issues for review. Issue One states: "Where lien was
extinguished by confirmation plan of Julian Serrano's bankruptcy, did Union Planters possess an
empty legal right to foreclose?" Issue Two provides: "Where no-evidence summary judgment is
incorrectly granted when a controverted fact at issue remains, does trial court abused its
discretion where legal sufficiency exists to deny summary judgment?" Issue Three states: "Did
subsequent conveyance by Prestons raise a tort action when Union Planters did not hold a valid
lien to enforce and empower trustee to sell real property?" Issue Four provides: "Res judicata
predicated on the first court that held jurisdiction over controversy, therefrom any conveyance is
void to claim real title to real property, did bankruptcy court hold jurisdiction to extinguish lien?" 
We will construe these issues as challenges to the summary judgment granted below.

 An appellate court reviews summary judgment de novo. Provident Life & Accident Ins.
Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). The scope of review for a traditional summary
judgment is well established. See Tex.R.Civ.P. 166a(c); Nixon v. Prop. Mgmt., Inc., 690 S.W.2d
546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment on an affirmative
defense when the party conclusively establishes each element of the defense asserted. See
Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). When the material facts are
undisputed, the nonmovant may defeat a motion for summary judgment by establishing that the
movant's legal position is unsound. Hansen v. Our Rederrmer Lutheran Church, 938 S.W.2d
85, 90 (Tex.App.--Dallas 1996, writ denied).

 One of the grounds asserted by First Prestons in its traditional motion for summary
judgment was that Ms. Serrano's claims were barred by the doctrine of res judicata. Res
judicata is an affirmative defense. Tex.R.Civ.P. 94. The party claiming the defense must prove: 
(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the identify of
the parties or those in privy with them; and (3) a second action based on the same claims as were,
or could have been raised in the first action. In re K.S., 76 S.W.3d 36, 43 (Tex.App.--Amarillo
2002, no pet.). Res judicata precludes both re-litigation of claims that have been fully
adjudicated, as subsequent litigation of claims which arise out of the subject matter as the prior
litigation, and therefore could have been brought in the prior suit. See Amstadt v. U.S. Brass
Corp., 919 S.W.2d 644, 652 (Tex. 1996); McFarland v. Bridges, 104 S.W.3d 906, 909
(Tex.App.-- El Paso 2003, no pet.).

 In its summary judgment motion, First Prestons established that Ms. Serrano's claims
regarding the foreclosure and sale of her father's house were litigated to a final judgment in
cause number 98-2327 by the 34th District Court of El Paso County on January 31, 2003. This
Court affirmed the trial court's judgment on appeal in 2006. First Prestons established that the
parties involved in the prior litigation were the same parties, or were related to the same parties,
before the court in this suit. Finally, First Prestons has established that as in cause number 98-2327, the central claim underlying this lawsuit is that the Serrano family has been erroneously
deprived of their real property. All of the damages claimed in both suits relate back to
Ms. Serrano's allegation that Union Planter's and its agents illegally foreclosed on her father's
home.

 First Prestons established all three elements of its defense. Ms. Serrano has not offered
evidence or argument to controvert First Prestons's proof. Ms. Serrano's arguments on appeal,
as well as to the trial court, consist simply of her theories for recovery against the numerous
defendants she has sued. Accordingly, we overrule Issues One through Four.

 Having overruled all of Appellants issues, we affirm the trial court's judgment.



June 3, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.)(Sitting by Assignment)
1. For a more detailed explanation of the facts surrounding the foreclosure, and
Ms. Serrano's prior lawsuits see Serrano v. Union Planter's Bank, 162 S.W.3d 576 (Tex.App.--El Paso 2004, pet. denied).