Linward **SHIVERS**, Ronald Shivers, and Jenelle Jacobs Brooks, Trustee of the Herman Jacobs Trust, Individually and on Behalf of all others similarly situated, Appellants,

v.

**TEXACO EXPLORATION AND PRODUCTION, INC., Appellee.**

No. 06–97–00062–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 12, 1998.

Decided March 17, 1998.

LeRoy LaSalle, Law Offices of LeRoy La-Salle, Carthage, for Appellants.

Scott Patrick Stolley, Thompson & Knight, P.C., Dallas, for Appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is an appeal from a summary judgment rendered in favor of Texaco Exploration and Production, Inc. in a suit for damages filed against Texaco by Linward Shivers, Roland Shivers, and Jenelle Jacobs Brooks, Trustee of the Herman Jacobs Trust, individually and on behalf of all others similarly situated.

Section 29 of the Internal Revenue Code grants an income tax credit for natural gas produced from a "tight formation." 26 U.S.C.A. § 29(a),(c) (West Supp.1997). The Shivers group owns royalty interests in leases in which Texaco is the lessee. The wells on these leases produce from the Cotton Valley formation, which is classified as a tight formation. Linward Shivers was an experienced oil and gas attorney who for many years prepared his own tax returns, but he never took note of the availability of the Section 29 credit which was described in his Form 1040 instruction booklet. It was not until 1990 that he actually became aware of the Section 29 credit. His brother Roland, who had usually prepared his own tax returns as well, also learned of the Section 29 credit that year. The brothers engaged an accountant to help them claim the credit on their 1990 tax returns, and they also had the accountant file amended returns to claim the credit for 1987, 1988, and 1989. They were unable to claim the credit for any tax year before 1987 because the limitations period for amended returns is three years. *See* 26 U.S.C.A. § 6511(a), (b) (West Supp.1997). Similar dates applied to Jenelle Jacobs Brooks for herself and the trust.

Shivers initially sued Texaco on June 21, 1994, to recover damages for Texaco's failure to inform them of the availability of the Section 29 credit. Shivers amended their petition on January 17, 1997 to include a claim that Texaco breached the implied covenant to reasonably develop the Section 29 leases. Shivers filed a motion for partial summary judgment, which the court denied. Texaco also moved for summary judgment. It based its motion on three claims. First, it said it did not owe Shivers any duty to inform them of the availability of the Section

29 tax credit. Second, Texaco asserted that its failure to inform Shivers did not cause Shivers' alleged injuries. Third, it claimed that all of Shivers' claims were barred by the statute of limitations. Shivers filed a response to Texaco's summary judgment motion, and the trial court granted Texaco's motion without stating the reasons. Shivers argues that Texaco owed the duty, based on the law of agency or contract principles under the doctrine of implied covenants, to inform them of facts and information to enable them to compute and claim the Section 29 tax credit. Further, Shivers argues that Texaco has a statutory duty under TEX. NAT. RES.CODE ANN. § 91.502 (Vernon 1993) to disclose information to them about "other deductions or adjustments," including the tight formation classification of its wells. Shivers relies on the discovery rule to avoid the limitations bar asserted by Texaco. Finally, Shivers argues that the trial court erred in rendering summary judgment against them on their claim that Texaco breached the implied covenant of reasonable development by failing to drill additional wells before January 1, 1993.

Texaco first argues that the trial court's ruling should be upheld because (1) it raised three grounds on which the trial court could have granted the summary judgment and Shivers only replied to two of those grounds; (2) it did not owe Shivers any duty to inform them of the applicability of the Section 29 credit; (3) even if it did owe a duty, its breach of the duty was not the cause of Shivers' damages; and (4) Shivers' claims are barred by the statute of limitations.

An appellate court's review of a trial court's summary judgment ruling is de novo. *Toonen v. United Servs. Auto. Ass'n,* 935 S.W.2d 937, 942 (Tex.App.—San Antonio 1996, no writ). The question on appeal, as well as in the trial court, is whether the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828

(Tex.1970); *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d 665, 669 (Tex.App.—Texarkana 1996, writ denied). The movant has the burden in a summary judgment proceeding, and the court must resolve against the movant all doubts as to the existence of a genuine issue of fact. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982); *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d at 669. A defendant moving for summary judgment must disprove at least one element of each theory pleaded by the plaintiff, or conclusively prove by summary judgment evidence each essential element of an affirmative defense. *See Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d 85, 90 (Tex.App.—Dallas 1996, writ denied); *Vest v. Gulf Ins. Co.*, 809 S.W.2d 531, 533 (Tex.App.$Dallas 1991, writ denied); *see generally*, Dean M. Swanda, *Summary Judgment Practice*, 46 Baylor L. Rev. 721, 725 (1994). A plaintiff/nonmovant can thwart the defendant's summary judgment motion in three ways. First, the nonmovant may present evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant. Second, the nonmovant may produce summary judgment evidence creating a fact question on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Cas. and Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970); *Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d at 90. Third, the nonmovant may concede that the material facts are undisputed but argue that the defendant's legal position is unsound. *Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d at 90; *Estate of Devitt*, 758 S.W.2d 601, 602 (Tex.App.—Amarillo 1988, writ denied). A summary judgment can be granted for a movant even if the movant failed to produce summary judgment evidence in support of the motion, if the motion was based on a point of law, with undisputed facts. *Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.1983); *DiGrazia v. Atlantic Mut. Ins. Co.*, 944 S.W.2d 731 (Tex.App.—Texarkana 1997, no writ).

If the movant does not meet its burden of proof, there is no burden on the nonmovant, *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979), but if the movant has established a right to a summary judgment, the burden shifts to the nonmovant, *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d at 669. The nonmovant must then respond to the summary judgment motion and present to the trial court summary judgment evidence raising a fact issue that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d at 669.

In deciding whether a disputed material fact issue precludes summary judgment, we take as true all evidence favorable to the nonmovant. We must indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Stevens v. State Farm Fire and Cas. Co.*, 929 S.W.2d at 669. When both parties move for summary judgment, each party must carry its own burden as the movant. *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). Additionally, each party must carry its own burden as the nonmovant in response to the other party's motion. *Id.* Further, when both parties file motions for summary judgment, the court may consider all of the summary judgment evidence. *Rose v. Baker & Botts*, 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

Texaco first argues that Shivers waived their appeal of the summary judgment because the trial court did not specify on which of the three possible grounds it granted the judgment, and Shivers only contested two of the three grounds in their response and appellate brief. Shivers stated a general point of error[1] and only expressly argues that Texaco had a duty to inform them of the Section 29 tax credit and that their claim is not barred by the statute of limitations. They failed to argue that Texaco's failure to inform them caused their alleged injuries.

1. Shivers' point of error states, "The Trial Court erred in granting Texaco's Motion for Summary Judgment and in failing to grant Shivers' motion for partial summary judgment."

■ When the trial court does not specify on what ground it granted the summary judgment, the appellant must argue that every ground in the summary judgment motion is erroneous. *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995); *Lewis v. Skippy's Mistake Bar,* 944 S.W.2d 1, 3 (Tex. App.—Fort Worth 1996), *rev'd on other grounds, Southland Corp. v. Lewis,* 940 S.W.2d 83 (Tex.1997). The appellate court must affirm the summary judgment if any one of the movant's theories has merit. *Star–Telegram, Inc. v. Doe,* 915 S.W.2d at 473.

■ Where an appellant uses specific points of error to attack a summary judgment and fails to attack one of the possible grounds on which the judgment was granted, the summary judgment must be affirmed. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *Lewis v. Skippy's Mistake Bar,* 944 S.W.2d at 3; *Richardson v. Johnson & Higgins of Texas, Inc.,* 905 S.W.2d 9, 11 (Tex.App.—Houston [1st Dist.] 1995, writ denied). This is so because the summary judgment may have been based on a ground that was available to the trial court and not specifically challenged by the appellant and there was no general assignment that the trial court erred in granting summary judgment. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d at 121; *Lewis v. Skippy's Mistake Bar,* 944 S.W.2d at 3.

■ A general point of error stating that the trial court erred in granting the motion for summary judgment will allow the non-movant to dispute on appeal all possible grounds for the judgment. *Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930 (Tex.1996); *Malooly Bros., Inc. v. Napier,* 461 S.W.2d at 121. Thus, an appellant may challenge not only arguments focusing on whether a genuine issue of material fact was raised by the summary judgment evidence, but also nonevidentiary issues, such as the legal interpretation of a statute. *Moore v. Shoreline Ventures, Inc.,* 903 S.W.2d 900, 902 (Tex.App.—Beaumont 1995, no writ); *Cassingham v. Lutheran Sunburst Health Serv.,* 748 S.W.2d 589, 590 (Tex.App.—San Antonio, 1988, no writ).

We have held that where an appellant advances a general point of error in his appellate brief but fails to argue all grounds that the movant advanced in support of its motion in the trial court, the appellate court has discretion to refuse to consider the appellant's unargued bases for reversing the judgment. *Stevens v. State Farm Fire and Cas. Co.,* 929 S.W.2d at 670. In *Stevens,* however, we declined to use that discretion and instead considered that the appellant, by confining his argument to the point he briefed, simply limited his argument to his strongest point, and we considered the other possible attacks against the judgment. *Id.* In essence, we ruled that because the appellant used a general point of error, he challenged all the grounds on which the summary judgment could have been based. Further, due to the de novo standard of review in the appellate court, that court, just as the trial court, has the ability to look to the clerk's record and read the appellant's summary judgment response, wherein he presumably briefed and challenged every argument that the appellee raised in his summary judgment motion. Following the rule that the appellant waived his appeal by not rebriefing every possible ground would require an appellate court to affirm a summary judgment even if the trial court erred in finding that the movant's summary judgment grounds were legally sufficient and the nonmovant challenged the summary judgment in its entirety by a general point of error.

Another court of appeals has addressed a similar situation. *See Morriss v. Enron Oil & Gas Co.,* 948 S.W.2d 858 (Tex.App.-San Antonio 1997, no writ). The defendant based his motion for summary judgment on the failure of one of the elements of the plaintiff's contract claim and on the affirmative defense of the statute of limitations. *Id.* The plaintiff only argued in his response to the defendant's motion for summary judgment that the statute of limitations was tolled by the discovery rule. *Id.* at 871. The trial court signed an order granting the defendant's motion for summary judgment, but failed to assign any one particular basis for doing so. *Id.* On appeal, the plaintiff used a general point of error and alleged that the trial court erred in granting the summary judgment,

but only briefed and argued that the statute of limitations was tolled by the discovery rule. *Id.* The court stated that the plaintiff could "present argument on all grounds upon which he contends that summary judgment was inappropriate" by using a general point of error. *Id.* However, the court noted that the plaintiff did not take advantage of this opportunity; he focused his briefing to the issue of limitations. *Id.* Thus, the court ruled that, "[f]ailure to take advantage of the opportunity to present argument on the alternative ground results in waiver." *Id.*

There is a difference between the *Stevens* and *Morriss* cases. In *Stevens*, the appellant challenged the point of error by briefing it to the trial court in the response to the defendant's motion for summary judgment. In *Morriss*, the plaintiff failed to challenge the allegedly waived ground in either his response to the defendant's motion for summary judgment to the trial court or his brief in the appellate court.

The Texas Supreme Court has considered this topic in several cases, but it has never directly addressed the situation where a nonmovant attacks every ground in his response to the trial court and then only attacks a few of those grounds in his brief to the appellate court. In *Inpetco, Inc. v. Texas Am. Bank/Houston N.A.*, the nonmovant appealed an adverse summary judgment to the appellate court using a general point of error. The appellate court held that the nonmovant had waived his appeal because the point of error was too broad and there was insufficient argument and authorities under the point of error. *See Inpetco, Inc. v. Texas Am. Bank/Houston N.A.*, 722 S.W.2d 721, 722 (Tex.App.—Houston [14th Dist.] 1986), *writ ref'd n.r.e. per curiam,* 729 S.W.2d 300 (Tex.1987). The Supreme Court reversed the judgment of the court of appeals, stating that it had erred in affirming the trial court on the basis of briefing inadequacies without first ordering the nonmovant to rebrief. *Inpetco, Inc. v. Texas Am. Bank/Houston N.A.*, 729 S.W.2d 300. In *Fredonia State Bank v.*

*General Am. Life Ins. Co.,* the Supreme Court revisited *Inpetco* and held that it did not mandate a duty on the court of appeals to order rebriefing. *Fredonia State Bank v. General Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994). The court held that the courts of appeals have *discretion* to determine whether to deem a point waived or to order rebriefing. *Id.* Although *Fredonia* did not support its holding by distinguishing *Inpetco* on the basis that it was a summary judgment appeal, it seems to support our decision in *Stevens* that the appellate court has discretion to look to the appellant's response to supply any missing argument under a general point of error.

In *Bonham State Bank v. Beadle,* the Supreme Court held that where an appellant had raised an issue challenging the summary judgment on an independent ground with the trial court but failed to raise it in its appellate brief, it waived that issue. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 470 (Tex.1995). That case, however, did not deal with a situation where the appellant lost his entire appeal due to the waiver. The court simply chose not to consider the independent issue that the appellant raised to the trial court but not in the appellate court. *Id.*

■ In this case, Shivers raised a general point of error. Under this general point of error, Shivers did not have a section or subpoint that expressly argued that Texaco's failure to inform them of the tax credits caused their injuries, but they did make references to causation throughout the brief in the appellate court and response to the trial court.[2] We hold that this is sufficient to avert the harsh consequences of waiver. *See Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930.

■ Texaco contends that it had no legal duty to inform Shivers about the availability of the Section 29 credit. Alternatively, it argues that if it had such a duty, Shivers' claim is barred by limitations.[3] We need not

---

2. In the appendix to Shivers' reply brief, they point to and reproduce four pages of argument from their appellate brief in which they allege causation.

3. In a similar case, the United States District Court for the Eastern District of Texas ruled that the lessee had no duty to inform its lessors of the availability of the Section 29 credit. *Timmins v.*

consider the duty question, because we find that the trial court correctly rendered summary judgment on the limitations issue.

■ Because the trial court signed a general summary judgment order that did not state the grounds relied on, the summary judgment may be affirmed on any meritorious ground raised in the summary judgment motion. *H.S.M. Acquisitions, Inc. v. West,* 917 S.W.2d 872, 878 (Tex.App.-Corpus Christi 1996, writ denied). We find that the trial court correctly granted Texaco's summary judgment motion based on limitations.

■ A defendant moving for summary judgment on its affirmative defense must conclusively prove by summary judgment evidence all the essential elements of its defense, leaving no material issues of fact. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). When the defense is limitations, the defendant must conclusively prove when the cause of action accrued, and if the plaintiff pleads the discovery rule, the defendant must conclusively negate it as well. *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530–31 (Tex. 1997); *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990).

■ A cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *Murphy v. Campbell,* 964 S.W.2d 265, 270 (1997); *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). If the discovery rule applies, however, an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. *Murphy v. Campbell,* at 270; *S.V. v. R.V.,* 933 S.W.2d at 4. The statute of limitations is applied strictly, and the discovery rule is a very limited exception. *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453 (Tex. 1996).

■ The discovery rule applies when the nature of the injury incurred is inherently undiscoverable and the evidence of injury is

objectively verifiable. *Murphy v. Campbell,* at 270; *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d at 456. To be "inherently undiscoverable," an injury need not be impossible to discover, but it must be, by nature, unlikely to be discovered within the prescribed limitations period *despite due diligence. S.V. v. R.V.,* 933 S.W.2d at 7.

The inherently undiscoverable requirement is strictly construed. Courts have held that the criterion does not apply: to a claim that a defendant negligently contaminated an apartment building with chlordane where the interior chlordane residues did not exceed regulatory contamination levels until 1991 because the damages arose in 1987, *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530–32 ; to a claim for misappropriation of trade secrets, *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453; to an embezzlement claim because the plaintiff could have discovered the embezzlement with slight diligence, *Sunwest Bank of El Paso v. Basil Smith Eng'g Co.,* 939 S.W.2d 671, 674–75 (Tex.App.—El Paso 1996, writ denied); to a libel claim where the plaintiff had ready access to her personnel file containing the libelous memo, *Ellert v. Lutz,* 930 S.W.2d 152, 156–157 (Tex.App.—Dallas 1996, no writ); to a malicious prosecution claim where the plaintiff had access to court records that would have informed the plaintiff of the negligence, *Lang v. City of Nacogdoches,* 942 S.W.2d 752, 758 (Tex.App.—Tyler 1997, writ denied); and to a subrogated workers' compensation insurer's claim that the employee's lawyer had converted settlement proceeds that should have gone to the insurer where the insurer could have learned about the settlement by reviewing the courthouse records before the statute of limitations had expired, *Autry v. Dearman,* 933 S.W.2d 182, 194 (Tex.App.—Houston [14th Dist] 1996, writ denied).

Claims that have been held to be inherently undiscoverable include: claims for occupational injuries such as asbestosis, silicosis, and cancer where the injury is difficult to timely discover, *Steel v. Rhone Poulenc, Inc.,* 962 S.W.2d 613, 618–19, (Tex.App.—Houston

*Kerr–McGee Corp.,* No. 6:97 CV 86 (E.D.Tex. Sept. 16, 1997).

[1st Dist.] 1997, n.w.h.); a claim of negligently inflicted diseases where the plaintiff did not and could not know the nature of an injury at the time a cause of action accrued, *Garcia v. Santa Rosa Health Care Corp.*, 925 S.W.2d 372, 379 (Tex.App.—Corpus Christi 1996, writ granted); *see also J.K. and Susie L. Wadley Research Inst. and Blood Bank v. Beeson*, 835 S.W.2d 689, 694 (Tex.App.—Dallas 1992, writ denied); and a negligence claim where the negligent act was engineering services, because of the high degree of expertise required to detect the faulty engineering service, *Thomson v. Espey Huston & Assocs., Inc.*, 899 S.W.2d 415, 422 (Tex. App.—Austin 1995, no writ).

Texaco argues that through reasonable diligence Shivers could have and should have discovered the information necessary to claim the tax credit when the claim accrued. A royalty owner must know the following in order to compute and claim the Section 29 tax credit: (1) that the well produced gas from a formation which had been determined by the Federal Energy Regulatory Commission ("FERC") as being a "tight formation"; (2) that the well had been certified as a "tight formation" well by the Texas Railroad Commission ("TRC"); (3) that the leasehold was dedicated or committed to interstate commerce on or before April 20, 1977; and (4) the average annual B.T.U. of the gas for the tax year.

Reviewing the summary judgment evidence, we find that Texaco has affirmatively proved the following facts. The IRS Form 1040 instruction booklet put Shivers on notice of the Section 29 tax credit.[4] Shivers admittedly had actual and constructive knowledge that the Cotton Valley formation is a tight formation. This constructive knowledge came from several sources. There was a story in the local newspaper reporting that the Cotton Valley was a tight formation. *See Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 529 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Shivers had

constructive notice that the FERC had classified the Cotton Valley as a tight formation because the order was published in the Federal Register and subsequently codified in the Code of Federal Regulations. 44 U.S.C.A. § 1507 (West 1991); *see, e.g., Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947); *Nutt v. Drug Enforcement Admin.*, 916 F.2d 202, 203 (5th Cir.1990). Also, Shivers had constructive knowledge of the certification of the wells by the TRC because it was a matter of public record. Shivers also had actual knowledge of all of the production information from the royalty checks and from the TRC. Thus, Shivers had knowledge of production volumes and the standard formula for converting the production volumes to the barrel-of-oil equivalent.

Public records on file with the TRC are sufficient to render information discoverable. Where royalty owners had reason to be aware that royalty payments had been wrongfully withheld, public records available at the TRC rendered the information not inherently undiscoverable. *See Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 863 (Tex.App.—eaumont 1995, writ denied); *Harrison v. Bass Enters. Prod. Co.*, 888 S.W.2d 532, 538 (Tex.App.—Corpus Christi 1994, no writ). Further, in a conversion of oil claim the court noted that the defendants' wrongful production of oil was evidenced by filings at the TRC and were a factor in demonstrating that the injury was not inherently undiscoverable. *See Rogers v. Ricane Enters.*, Inc., 930 S.W.2d 157, 169 (Tex.App.—Amarillo 1996, writ denied).

We conclude that the Shivers claim was not inherently undiscoverable, and that a reasonably diligent lessor would have filed suit within the statute of limitations. *S.V. v. R.V.*, 933 S.W.2d at 7.

Next, we address Shivers' claim that the trial court erred in rendering summary judgment denying their claim that Texaco

---

4. A taxpayer is charged with knowledge of the tax code. *See, e.g., Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir.1981)("All persons in the United States are chargeable with knowledge of the Statutes-at-Large"); *Blackhawk–Perry Corp. v. Commissioner*

*of Internal Revenue*, 182 F.2d 319, 322 (8th Cir. 1950)("A taxpayer, as well as the Commissioner, is presumed to know the law"); *Mexia Indep. Sch. Dist. v. City of Mexia*, 134 Tex. 95, 133 S.W.2d 118, 121 (1939) (finding that a taxpayer was charged with knowledge of the law).

breached the implied covenant to reasonably develop the tight formation leases. Shivers argues that Texaco should have commenced additional development wells on its tight formation leases before January 1, 1993, so Shivers would be able to claim the tax credit until December 31, 2002. This claim accrued on the statutory deadline for drilling qualifying wells, which was January 1, 1993. 26 U.S.C.A. § 29(f)(1) (West Supp.1997). Shivers first raised this claim when it amended its petition to include it on January 17, 1997. Texaco argues that this claim is barred by the statute of limitations. Shivers contends that this claim relates back to the original petition, which was filed on June 21, 1994.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997) provides that if a filed pleading relates to a cause of action that is not subject to a plea of limitation when it is filed, a subsequent amendment that changes the facts or grounds of liability is not subject to a plea of limitation unless the amendment is wholly based on a new, distinct, or different transaction or occurrence. Shivers contends that the duty-to-develop claim is not wholly based on a new, distinct, or different transaction or occurrence because the same parties and the same oil and gas leases are involved.

The purpose of Section 16.068 was to liberalize the plaintiff's right to amend a petition filed before a cause of action was barred by limitations and include any other causes of action that could be based on the same transaction or occurrence. *Oliveros v. Dillon–Beck Mfg. Co.*, 260 S.W.2d 707 (Tex.Civ.App.Galveston 1953, no writ). The test to determine whether an amended petition relates back to the original petition has two prongs. *Tippit v. Tippit*, 865 S.W.2d 624 (Tex.App.—Waco 1993, no writ); *Cooke v. Maxam Tool and Supply, Inc.*, 854 S.W.2d 136 (Tex.App.—Houston [14th Dist.] 1993, writ denied). First, the cause of action asserted in the first pleading must not have been time barred when filed, because if limitations barred the original cause of action, it will bar a new cause of action asserted in the amended petition even if it is from the same transaction or occurrence. *Almazan v. United Servs. Auto. Ass'n, Inc.*, 840 S.W.2d 776 (Tex.App.—San Antonio 1992, writ denied).

Second, the amendment must not be based on a wholly new or different transaction or occurrence.

Because the original cause of action here was barred by the statute of limitations when the petition was filed, Shivers' second cause of action for Texaco's breach of the duty to develop is also barred.

For the reasons stated, the judgment is affirmed.