Opinion issued on October 17, 2002













In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00365-CV






JOHN NEWSOM, Appellant


V.


CYNDI BROD, Appellee






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 01-119047






O P I N I O N


 Appellant, John Newsom, brought suit for wrongful termination of his
employment against Fluor Daniel, Inc. (Fluor). Subsequently, he amended his
petition to add Florence Hughes and appellee, Cyndi Brod. The trial court granted
appellee's motion for summary judgment. Appellant appeals from the rendition of
summary judgment against him. Appellant's claims are barred by the statute of
limitations. Accordingly, we affirm.

Background Facts


 On May 25, 1999, Fluor terminated Newsom for making violent and
misogynistic statements at work. On April 12, 2000, appellant sued Fluor for slander
and libel, as well as other torts. Appellant based his slander and libel claims against
Fluor on Florence Hughes's and appellee's allegedly false complaints against him. 
In the original suit, appellant stated that Hughes and appellee were "somehow
involved" in the complaints that led to his termination, and he named Hughes and
appellee in the lawsuit as agents of Fluor. Fluor then removed the suit to federal
court.

 On August 21, 2000, appellant sought to amend his lawsuit to add Hughes and
appellee as additional defendants. In his amended petition, appellant stated that he
"has learned the complaining parties against him were [Hughes] and appellee." The
trial court denied appellant's motion for leave to amend. On May 24, 2001, appellant
sued appellee, Hughes, and Janet Newsom in state court. He alleged slander and
libel causes of action. On November 15, 2001, appellant voluntarily dismissed the
federal lawsuit, and appellee moved for summary judgment in the state court. On
February 19, 2002, the trial court granted appellee's motion for summary judgment. 
Appellee's case was subsequently severed from the other defendants, and the trial
court entered a final judgment.

Standard of Review


 When reviewing a traditional motion for summary judgment, we follow these
well-established rules: (1) The movant has the burden of showing that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law;
(2) in deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant. Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Summary judgment for a defendant
is proper if the defendant negates at least one element of each of the plaintiff's claims. 
See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex. 1995).
A defendant may also obtain summary judgment by establishing all elements of an
affirmative defense to each claim. See Montgomery v. Kennedy, 669 S.W.2d 309,
310-11 (Tex. 1984).

Statute of Limitations


 In his first point of error, appellant contends that the trial court erred by not
applying the two-year statute of limitations to his claims. See Tex. Civ. Prac. & Rem
Code Ann. § 16.003 (Vernon Supp. 2002). Appellant claims the appropriate statute
of limitations in this case is the two-year statute because the tort is the gravaman of
his claim is business slander. Appellee claims that appellant seeks to avoid the one-year limitations period for slander by alleging a business disparagement, which has
a two-year statute of limitations.

 To determine the nature of appellant's complaints, we must review the factual
allegations contained within the pleadings, the evidence adduced in support of those
allegations, and the type of damages alleged. See Gulf Atl. Life Ins. Co. v. Hurlbut,
749 S.W.2d 762, 767 (Tex. 1987). If the damages alleged are primarily personal and
general-e.g. injury to personal reputation, humiliation, or mental anguish-then the
cause of action is one for libel or slander, even though incidental or consequential
professional losses are also pleaded and proved. Id. 

 A claim for business slander or disparagement is appropriate when a plaintiff
alleges interference with commercial or economic relations. Id. at 766. The general
elements of a claim for business disparagement are publication by the defendant of
the disparaging words, falsity, malice, lack of privilege, and special damages. Id.
(citations omitted). The tort is part of the body of law concerned with the subject of
interference with commercial or economic relations. The Restatement identifies the
tort by the name "injurious falsehood" and notes its application "in cases of the
disparagement of property in land, chattels, or intangible things or of their quality." 
Id. (quoting Restatement (Second) of Torts § 623A, cmt. a (1977)).

 An action for injurious falsehood or business disparagement is similar in many
respects to an action for defamation. Gulf Atl. Life Ins. Co., 749 S.W.2d at 767. Both
involve the imposition of liability for injury sustained through publication to a third
party of a false statement affecting the plaintiff. Id. The two torts, however, protect
different interests. The purpose of an action for defamation is to protect the personal
reputation of the injured party, whereas the purpose of an action for injurious
falsehood or business disparagement is to protect the economic interests of the
injured party against pecuniary loss. Id. More stringent requirements have always
been imposed on the "plaintiff seeking to recover for injurious falsehood in three
important respects-falsity of the statement, fault of the defendant and proof of
damage." Id. (quoting Restatement (Second) of Torts § 623A, cmt. g (1977)). 

 Pecuniary loss refers to loss that has been realized or liquidated, as in the case
of specific loss of sales. Gulf Atl. Life Ins. Co., at 766-67; (citing W. Keeton, Prosser
and Keeton on the Law of Torts, § 128 at 971 (5th Ed. 1984)). Further, the
communication must play a substantial part in inducing others not to deal with a
plaintiff, with the result that special damage, in the form of the loss of trade or other
dealings, is established. Id. (citations omitted).

 Our review of the record reveals no evidence of the direct, pecuniary loss
necessary to satisfy the special damage element of a claim for business
disparagement. Appellant's claim is clearly one for defamation, as it focuses on his
damages to his reputation. Appellant does not claim he lost business or suffered any
disparagement of property in land, chattels, or intangible things or of their quality. 
The only facts and damages alleged in appellant's pleadings are for the personal
harm, if any, he suffered as a result of the alleged libelous and slanderous
publications. Thus, because appellant failed to plead or prove that he suffered harm
to a business or property interest separate and apart from the personal harm he
allegedly suffered, we conclude that he is not entitled to pursue his claim for business
disparagement under the two-year statute of limitations. Id. Thus, we hold that the
trial court did not err in applying the one-year limitations period to appellant's claims. 

 We overrule appellant's first point of error.

Application of the Discovery Rule

 In his second point of error, appellant contends the trial court erred by
misapplying the discovery rule. Appellant claims that November 3, 2000, was the
first day he actually knew the identity of the complainants and the contents of their
written libels. He claims that the issue of when the statute of limitations commenced
is a fact issue for the jury to decide because Fluor allegedly concealed from appellant
the names of the complainants and the substance of their complaints.

 As noted, the statute of limitations applicable to this slander and libel claim is
one year. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2001). The
passing of the statute of limitations depends on when appellant's cause of action
accrued. Generally, a defamation claim accrues when the matter is published or
circulated. Roe v. Walls Reg'l Hosp., Inc., 21 S.W.3d 647, 651 (Tex. App.--Waco
2000, no pet.). The discovery rule applies to a defamation claim if the matter is not
public knowledge. See Kelley v. Rinkle, 532 S.W.2d 947, 949 (Tex. 1976). When the
discovery rule applies, it defers the accrual of a cause of action until a plaintiff
discovers or, through the exercise of reasonable care and diligence, should discover
the nature of the injury. Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998);
Wilson v. John Daugherty Realtors, Inc., 981 S.W.2d 723, 726-27 (Tex.
App.--Houston [1st Dist.] 1998, no writ).

 In its recent KPMG Peat Marwick v. Harrison County Housing Finance Corp.
decision, the Texas Supreme Court held that, in applying the discovery rule, the claim
accrues "when the plaintiff knew or should have known of the wrongfully caused
injury." 988 S.W.2d 746, 749 (Tex. 1999). The plaintiff need not know the specific
nature of each wrongful act that may have caused the injury. Id. 

 In KPMG, the plaintiff sued the trustee of the plaintiff's capital reserve fund
on February 1, 1993. Id. at 747. The reserve fund was to be used to redeem bonds
that the plaintiff had issued. Id. The plaintiff sued the trustee after learning that the
trustee had sold capital reserve fund assets at a loss. Id. The plaintiff later sued
KPMG Peat Marwick ("KPMG"), alleging that KPMG had negligently or
intentionally failed to disclose the trustee's mismanagement of the trust. Id. at 748. 
The plaintiff claimed that its cause of action against KPMG did not accrue until
October 1, 1993, when it first learned that KPGM had failed to report irregularities
to the plaintiff. Id. at 749. The court concluded that the injury to the plaintiff was the
premature sale of trust assets and that on the date that the plaintiff sued the trustee,
the plaintiff was "aware . . . of its injury and that its injury was caused by the
wrongful conduct of another." Id. As for the plaintiff's failure to discover KPMG's
involvement until later, the court stated that the plaintiff should have investigated the
possibility that KPGM may not have reported the mismanagement. Id. The court
found that the latest date that the cause of action against KPGM could have accrued
was the date that the plaintiff sued the trustee. Id. 

 Appellant filed suit against appellee on May 24, 2001. The one-year statute of
limitations period bars his claim if he learned of, or in the exercise of reasonable
diligence should have learned of, appellee's alleged slander/libel statements before
May 23, 2000. See Akin v. Santa Clara Land Co., Ltd., 34 S.W.3d 340-41(Tex.
App.--San Antonio 2000, pet. denied). Appellant contends his defamation claim
accrued on November 3, 2000, when he first actually knew who his complainants
were and the substance of their false statements. He also claims that Fluor concealed
the names of the complainants and the substance of their complaints from appellant.

 When appellant was terminated on May 25, 1999, appellant knew that appellee
had made complaints against him and knew the general nature of those complaints.
Appellant also knew that the investigation of those complaints resulted in his
termination. In his deposition, appellant admitted he was warned by a co-worker on
May 20, 1999 that appellee was involved in the complaints against him-this
occurring just days before he was terminated. Appellant testified:

 Q: Okay. So Gutierrez did tell you that he thought Cindy Brod was
involved [in the complaints against appellant], correct?


 He did say that, I believe. I think he did. It's been a long time, like I
say.


 Q: So, as of the afternoon of May 20th, you had one possible name for who
was involved, correct?

 A: Yes. I guess. I suppose so.

 Secondly, on February 6, 2000, appellant gave his lawyer a signed statement
about the facts that surrounded his termination. In his statement, appellant stated he
believed appellee gave allegedly false complaints against him, and gave him a "hard
stare." Finally, when appellant filed his suit against Fluor on April 12, 2000, he
specifically identified appellee as being "somehow involved." In fact, appellant
founded his original lawsuit against Fluor on the defamation complaints appellee
allegedly made against appellant. He specifically named appellee in the lawsuit as
an agent of Fluor.

 Even if appellant did not discover the detailed substance of appellee's
complaints against him until November 3, 2000, appellant became aware of his injury,
at the latest, upon his termination. In KPMG, the court found that the cause of action
against KPMG accrued when the plaintiff discovered the loss, not when the plaintiff
became aware of KPGM's involvement. 988 S.W.2d at 749. Just as the plaintiff in
KPMG should have used more diligence in finding the potential contributors to its
loss, appellant, likewise, should have used more diligence in pursuing his claims
against those parties who may have contributed to his injury.

 The summary judgment evidence shows that appellant learned of, or in the
exercise of reasonable diligence should have learned of, appellee's alleged slander
and libel before May 23, 2000. Thus, his claim is barred. We overrule appellant's
second point of error.




Conclusion

 We affirm the trial court's judgment.

 


 Sherry J. Radack

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

Publish. Tex. R. App. P. 47.