In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00024-CV


______________________________




JOAN CAROL ELLIS ROBERTS, Appellant



V.



DR. MILAS ELDON DAVIS, JR., Appellee




 


On Appeal from the 276th Judicial District Court


Titus County, Texas


Trial Court No. 30331




 




Before Carter, Moseley, and Cornelius,* JJ.


Memorandum Opinion by Justice Carter




_____________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION



 Joan Carol Ellis Roberts appeals from a trial in which a jury determined that her underlying
claim of libel against Dr. Milas Eldon Davis, Jr., was barred by limitations. In this case, Roberts
alleged that Davis libeled her in a letter dated April 9, 2001, this letter having been written by Davis
to Roberts' immediate supervisor, George Burns, in which he complained about Davis' job behavior
and performance. Roberts alleged that Davis' letter was much more widely published and that it
contained untrue and defamatory statements about her personal and professional behavior at the
hospital. 

 This is the second time this issue has been before this Court. In our first opinion, (1) on a
summary judgment, we held that, based on the summary judgment evidence, limitations ran on
Roberts' suit unless the discovery rule stayed the running of the limitations period, but that the
summary judgment evidence did not conclusively negate the application of that rule. We thus
reversed and remanded for further proceedings.

 In this proceeding, the trial court bifurcated the proceeding--and first tried the issue on
limitations. The jury found that Roberts had not 

 proved by a preponderance of the evidence that she did not discover, or through the
exercise of reasonable care and diligence should not have discovered Dr. Davis' letter
of April 9, 2001, at any time before April 9, 2002. 


Thus, the court rendered a take-nothing judgment against Roberts based on the running of limitations
against her claim. 

Limitations

 Limitations for a libel claim is one year. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a)
(Vernon 2002); see Cram Roofing Co. v. Parker, 131 S.W.3d 84, 88 (Tex. App.--San Antonio 2003,
no pet.). Ordinarily, a defamation claim accrues on the date the defamatory matter is published. See
Johnson v. Baylor Univ., 188 S.W.3d 296, 301 (Tex. App.--Waco 2006, pet. denied); Roe v. Walls
Reg'l Hosp., Inc., 21 S.W.3d 647, 651 (Tex. App.--Waco 2000, no pet.); Langston v. Eagle Pub.
Co., 719 S.W.2d 612, 615 (Tex. App.--Waco 1986, writ ref'd n.r.e.). As applied in Texas,
"publication" is a word of art defined as a "communication intentionally or by a negligent act to one
other than the person defamed." Kelley v. Rinkle, 532 S.W.2d 947, 948 (Tex. 1976). Thus, there
was a publication of the letter when Davis gave it to Burns (the director of radiology) on April 9,
2001. The discovery rule applies to a defamation claim if the matter is not public knowledge. See
id. at 949. 

 When the discovery rule applies, it defers the accrual of a cause of action until a plaintiff
discovers or, through the exercise of reasonable care and diligence, should have discovered the
nature of the injury. Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998); Newsom v. Brod, 89
S.W.3d 732, 736 (Tex. App.--Houston [1st Dist.] 2002, no pet.). 

 The statute of limitations is applied strictly and the discovery rule is a very limited exception. 
Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453 (Tex. 1996). On the face of the
documents, and based on the allegations and evidence about the date on which the letter was
published to Burns, it is apparent that the letter was published well over a year before Roberts filed
suit. This places her outside the applicable limitations period unless the discovery provision of the
rule applies.

 The discovery rule applies when the nature of the injury incurred is inherently undiscoverable
and the evidence of injury is objectively verifiable. Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex.
1997); Computer Assocs. Int'l, 918 S.W.2d at 456. To be "inherently undiscoverable," an injury need
not be impossible to discover, but it must be, by nature, unlikely to be discovered within the
prescribed limitations period despite due diligence. S.V. v. R.V., 933 S.W.2d 1, 7 (Tex. 1996).

 The inherently undiscoverable requirement is strictly construed. We discussed a number of
cases where the requirement was or was not applied in our opinion of Shivers v. Texaco Exploration
and Production, Inc., 965 S.W.2d 727, 734-35 (Tex. App.--Texarkana 1998, pet. denied). Courts
have held that the criterion does not apply to a libel claim where the plaintiff had ready access to her
personnel file containing the libelous memo. Ellert v. Lutz, 930 S.W.2d 152, 156-57 (Tex.
App.--Dallas 1996, no writ).

 A first step in calculating when the statute of limitations begins to run against an action
sounding in tort is to determine whether the act causing the damage itself constitutes a legal injury. 
Waxler v. Household Credit Servs., Inc., 106 S.W.3d 277, 280 (Tex. App.--Dallas 2003, no pet.). 
If the act complained of is itself a legal injury to a plaintiff, the wrong is "completed" and the cause
of action accrues "from the time the act is committed, even where little, if any, actual damage occurs
immediately on commission of the tort." Atkins v. Crosland, 417 S.W.2d 150, 153 (Tex. 1967). 
Conversely, if the act complained of is not itself unlawful and the plaintiff sues to recover damages
subsequent to that act, the cause of action accrues "when, and only when, the damages are sustained."
 Id.

 The act of libel or defamation is an act that is itself the injury. Thus, it is a legal injury, as
the tort was completed at the time the letter was published to another individual. Under Roberts'
allegations, the April 9, 2001, letter from Davis was concealed from her until over a year after it was
communicated to Burns. (2)

 Libel is statutorily defined in Texas. It is 

 a defamation expressed in written or other graphic form that tends to blacken the
memory of the dead or that tends to injure a living person's reputation and thereby
expose the person to public hatred, contempt or ridicule, or financial injury or to
impeach any person's honesty, integrity, virtue, or reputation or to publish the natural
defects of anyone and thereby expose the person to public hatred, ridicule, or
financial injury.


Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2005).

 The record shows that the publication date of the letter was April 9, 2001, and Roberts
alleged that the publication was to Burns at that time. She filed suit March 10, 2003. There was also
evidence that, on June 7, 2001, Roberts was part of a counseling session at which she was given an
opportunity to review Davis' letter and that, after the counseling, the letter was placed in her
personnel file. A public employee has complete access to his or her personnel file. Tex. Gov't
Code Ann. § 552.102(a) (Vernon 2004). Thus, there was evidence Roberts was aware of the letter's
existence, and of its contents, and had access to it.

Issues Raised on Appeal

 Roberts raises multiple points of error that can be coalesced into several arguments. She
contends that error is shown in several respects: 


 placing the burden of proof on limitations (the discovery rule) on her;
 failing to use her submitted jury instruction on limitations, and submitting an
incorrect question;
 the verdict is against the great weight and preponderance of the evidence, and she
proved her case as a matter of law; and
 excluding a counseling record.


 

Burden of Proof 

 In a trial on the merits, the party seeking the benefit of the discovery rule to avoid limitations
has the burden of pleading and proving the discovery rule. See Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 n.3 (Tex. 1999); Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex.
1988); Girsh v. St. John, 218 S.W.3d 921, 928 (Tex. App.--Beaumont 2007, no pet.).

 That is the posture in which this case appears. Thus, the trial court did not err by requiring
Roberts to prove that the discovery rule should provide her with an exception to the general
limitations rule. The contention of error is without merit.

Jury Charge Question/Instruction 

 The issue given to the jury reads as follows:

 Do you find that Joan Roberts proved by a preponderance of the evidence that
she did not discover, or through the exercise of reasonable care and diligence should
not have discovered Dr. Davis' letter of April 9, 2001, at any time before April 9,
2002?

 

The jury answered, "No." 

 Roberts contends that the jury question as submitted was incorrect and that the court should
instead have used the question which she provided. However, her only objection at trial to the issue
as submitted was that her requested instruction (not a question) was not submitted. Further, the
charge was effectively the same as a proposed question submitted by Roberts. Her proposed jury
question presumed that the letter was published April 9, 2001, and questioned only whether she
discovered the letter before April 9, 2002. (3) Thus, whether the jury issue was properly submitted, as
now presented for review, was not preserved for our review. See Tex. R. App. P. 33.1; Tex. R. Civ.
P. 274.

 In a related issue, Roberts contends that the trial court should have submitted an instruction
that she provided. Although it is not clear from her brief, it appears she is contending that her
instruction number 15 should have been submitted because it explained how "the factor of accrual
began the time limit, that factor being the publications or circulations." Neither the terms "accrual"
nor "publications or circulations" are used in this question. The question is set out simply and in a
straightforward fashion. We review a trial court's decision not to submit a particular instruction
under an abuse of discretion review. In re V.L.K., 24 S.W.3d 338, 341 (Tex. 2000). 

 The jury was asked whether Roberts proved she should not have discovered the letter at any
time before April 9, 2002. As the instruction would not have materially assisted the jury in deciding
the matter immediately before it, the court was within its discretion to choose not to submit that
instruction.

 Roberts also argues that her instruction should have been given because she was suing for
additional, later publications of the allegedly libelous material. She now suggests she alleged that
the action of the hospital in sending a copy of Davis' letter to the Equal Employment Opportunity
Commission (EEOC) in response to her claim against the hospital for an unrelated sexual harassment
charge was another, different, and actionable publication for which Davis was responsible. Her
petition contained only one other alleged defamatory publication, a letter dated March 7, 2002,
signed by Drs. George Aydelott and Davis. This Court held in the summary judgment appeal that
letter was not defamatory as a matter of law. Roberts, 160 S.W.3d at 256. Roberts' petition focused
solely on the act showing that "Davis published to George Burns, the Director of Radiology, a letter
of libel . . . ." Thus, other possible actionable publications, by other parties, of the letter were not
before the trial court and cannot now be considered. 

 The contentions of error are overruled.

Sufficiency of the Evidence 

 Roberts also contends that the jury's finding is against the great weight and preponderance
of the evidence--that she proved her position as a matter of law. See O'Neil v. Mack Trucks, Inc.,
542 S.W.2d 112 (Tex. 1976). When a party attacks the legal sufficiency of an adverse finding on
an issue on which he or she has the burden of proof, that party must demonstrate on appeal that the
evidence establishes, as a matter of law, all vital facts in support of the issue. Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 241 (Tex. 2001); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review." City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. Id. So long
as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment
for that of the fact-finder.  Id. at 822. The trier of fact is the sole judge of the credibility of the
witnesses and the weight to give their testimony. Id. at 819. Although we consider the evidence in
a light most favorable to the challenged findings, indulging every reasonable inference that supports
them, we may not disregard evidence that allows only one inference. Id. at 822. 

 Davis asserts that Roberts did not preserve this issue for review because she did not file any
trial or post-trial motion raising such a challenge. A "no-evidence" point of error is preserved
through one of the following: 1) a motion for instructed verdict, 2) a motion for judgment
notwithstanding the verdict, 3) an objection to the submission of the issue to the jury, 4) a motion
to disregard the jury's answer to a vital fact issue, or 5) a motion for new trial. T.O. Stanley Boot Co.
v. Bank of El Paso, 847 S.W.2d 218, 220 (Tex. 1992); Chappell Hill Bank v. Lane Bank Equip. Co.,
38 S.W.3d 237, 247 (Tex. App.--Texarkana 2001, pet. denied).

 Roberts' motion for new trial is directed solely and specifically at a number of alleged errors
in the trial. It does not state at any point that the evidence was either legally or factually insufficient
to support the verdict rendered; rather, it specifies error in the way that the court presented the case
to the jury for decision. There is no motion to disregard, motion for instructed verdict, or motion
for judgment notwithstanding the verdict. There were a number of issues raised about the way in
which the issue was submitted to the jury, but none of those issues suggest that there was no
evidence to support submission; rather, they complain about the way in which the charge was
worded. Thus, by long-standing authority, the issue of legal sufficiency has not been preserved for
our review. 

 Further, in considering Roberts' challenge to the factual sufficiency of the evidence to sustain
the jury's answer to the question before it, it is also established that to raise a factual insufficiency
challenge on appeal, a point to that effect must be made in a motion for new trial. See Tex. R. Civ.
P. 324(b)(2). (4) No such point was raised. 

 Accordingly, the issues of sufficiency to support the jury's verdict have not been preserved
for our review. We do note, however, that at a bare minimum, there was evidence that Roberts was
aware of the existence and publication of the letter at or very near the time of its writing and that it
was thereafter in her personnel file, to which she had access. Roberts testified that she did not know
if the letter was ever in her personnel file and that she never asked to see it. Even though Roberts
presented evidence that she did not know of the letter until after she received a letter from the EEOC
in April 2002, there is both legally and factually sufficient evidence to support the jury's answer. 

 The contention of error is overruled.

Excluding Counseling Record

 Roberts also contends, as a part of her sufficiency claim, that the court "erred when it
overruled the June Counsel." Apparently she is referring to an employee counseling session. In her
argument, she discusses the versions of the evidence about the way the session was handled, and the
testimony about the session in considerable detail. It appears that her actual complaint is that the
court erred by overruling her offer of "the complete June counsel record." 

 Roberts attempted to introduce into evidence the record of the counseling session, and also
several other documents added after the counseling session had occurred. (5) Davis' counsel objected
to documents that were attached to the counseling session notes. Roberts advances that her
responses to the session would demonstrate "silence" on the issue of notice of the letter. The court
then sustained Davis' objection and declined to admit the entirety of the document. Later, the
counseling session notes were introduced, but no offer of proof was made of the other documents
that were excluded by the trial court. Therefore, the contents of such records and relevance to any
issue before this Court cannot be determined. To challenge the exclusion of evidence, a party must: 
(1) attempt to introduce the evidence; (2) if an objection is made, specify the purpose for which the
evidence is offered and give the trial court reasons why the evidence is admissible; (3) obtain a ruling
from the court; and (4) if the court rules the evidence inadmissible, make a record, through an offer
of proof, of the precise evidence the party desires admitted. Tex. R. App. P. 33.2 (providing
procedure to make formal bills of exception); Tex. R. Evid. 103 (detailing effect of an erroneous
evidentiary ruling and requiring an objection and offer of proof for excluded evidence); see Fletcher
v. Minn. Mining & Mfg. Co., 57 S.W.3d 602 (Tex. App.--Houston [1st Dist.] 2001, pet. denied). 
The alleged error has not been preserved. 

 We affirm the judgment.


 Jack Carter

 Justice


Date Submitted: September 4, 2007

Date Decided: November 1, 2007

1. Roberts v. Davis, 160 S.W.3d 256 (Tex. App.--Texarkana 2005, pet. denied).
2. The April 9, 2001, letter accuses Roberts of violations of state and federal law, repetitious
and malicious illegal malpractice, manufacture of false reasons for violating orders, and illegally
practicing medicine. See Roberts, 160 S.W.3d at 262.

3. Since no objection was made to the relevant dates (April 9, 2001 to April 9, 2002), we
express no opinion as to the propriety of those dates. 
4. Although the Texas Rules of Civil Procedure do not require a motion for new trial to
preserve many issues, the rules do require a motion for new trial to preserve factual sufficiency
challenges. See Tex. R. Civ. P. 324(b); Roberson v. Collins, 221 S.W.3d 239, 242 (Tex.
App.--Houston [1st Dist.] 2006, no pet.); Kinder Morgan N. Tex. Pipeline, L.P. v. Justiss, 202
S.W.3d 427, 450 (Tex. App.--Texarkana 2006, no pet.).
5. The record indicates that those documents were a written response prepared by Roberts after
the session and letters from two physicians that Roberts had placed in the file. Those were all dated
after the date of the counseling session.