## FIRST STATE BANK OF LYFORD v. PARKER.

### No. 8423.

Court of Civil Appeals of Texas. San Antonio.
April 30, 1930.

Rehearing Denied May 21, 1930.

A. B. Crane, of Raymondville, and Graham, Graham & Graham, of Brownsville, for appellant.

R. S. Dorsett and Gerron & Gerron, all of Raymondville, for appellee.

SMITH, J.

Appellant fairly states the nature and result of the suit, as follows:

"The appellee, T. B. Parker, sued the appellant, First State Bank of Lyford, Texas, to recover $25,000.00 actual damages, alleged to have been suffered by said appellee growing out of the publication of a certain instrument, claimed by the appellee to have been published by the duly authorized and employed servant and cashier of the appellant, one Kriss Cloninger, by fastening said instrument upon a bale of lint cotton in the public cotton yard in the town of Lyford, Texas, and upon the allegation that the alleged publication was willfully, maliciously and fraudulently made, appellee also sought to recover $25,000.00 exemplary damages.

"The instrument claimed to have constituted the libel, and alleged to have been published by the appellant, as aforesaid, was as follows:

"  'List of Crop Mortgages Held by First State Bank, Lyford, Tex.

" 'For the protection of the buyer all checks covering cotton purchased from these parties should be made payable to the First State Bank, Lyford, Texas, and the seller: and the check delivered to said bank, otherwise the buyer stands liable for the conversion of mortgaged property.

"  'T. B. Parker'
"(And about 100 other citizens of the county).

"As a basis for the recovery sought, appellee alleged that his good name, character and reputation for honesty and integrity and as a man who pays his honest debts, had been greatly damaged and that he had suffered great humiliation, distress of mind, mental pain and agony.

"The appellant answered by way of general demurrer and general denial; and especially pleading the facts in connection with said instrument,—denying especially that it, or any one authorized to act for it published the instrument in the cotton yard, as complained of by appellee, and especially alleging that it, in a privileged transaction, had delivered to one Mitchell a copy of the in-

strument in question, and that the said Mitchell, who was not the agent or representative of the appellant bank, had posted said instrument in the cotton yard without the authority, knowledge or consent of the appellant bank, or anyone authorized to act for it, and that as soon as the bank learned that said instrument had been so posted by said Mitchell, it, acting through its president, immediately went and tore down said instrument."

The court, after peremptorily directing the jury to return a verdict for appellee "for at least nominal damages," submitted the question of the amount of actual damages and also submitted the issue of malice and amount of exemplary damages. The jury found for appellee in the sum of $325 actual damages, but, disagreeing thereon, failed to resolve the issue of malice or find any amount of exemplary damages. From a judgment against it for $325, the bank has appealed.

■ The plain and ordinary meaning of the alleged libelous document was (1) that the bank held a mortgage upon the crops of the persons named therein, including appellee; (2) that the mortgage covered cotton grown and to be marketed by appellee and those named with him; (3) that purchasers of such cotton would become liable to appellant for the value thereof as for conversion. It appears from the record that the facts stated in the publication were true in so far as they affected appellee. The bank held a chattel mortgage upon appellee's cotton crop, which mortgage was registered in the appropriate records of Willacy county. This being true, it was further true as a matter of law that purchasers of the mortgaged cotton would be liable therefor as for conversion, as stated in the communication. These statements being true, appellee could not recover on account of the publication thereof. Article 5431, R. S. 1925, as amended in 1927 (Acts Fortieth Legislature, p. 121, c. 80, § 1 [Vernon's Ann. Civ. St. art. 5431]).

■ If the language of the utterance could in any event be construed into an actionable reflection upon the character or reputation of appellee, which is quite doubtful (Youngblood v. Godair [Tex. Civ. App.] 46 S. W. 913), such reflection may be deducible only from innuendo. Such deduction must be made by the jury, in jury cases, from all the facts and circumstances surrounding the transaction, and it was error for the court in this case to peremptorily direct a verdict for appellee upon the effect of the publication. Newell, Lib. & S. §§ 755, 331, et seq.

■■ Appellee having grounded his suit upon the allegation that the alleged libel was published by Cloninger, appellant's cashier thereunto authorized by appellant, he could not recover upon proof of a publication by one J. D. Mitchell, not shown to be connected with the bank or to have authority to bind the bank by his acts. Even if appellee's allegations had been sufficient to let in proof of Mitchell's acts, the question of his authority to act for the bank was one of fact for the jury, upon which the testimony sharply conflicted, and it was error for the court to assume he had such authority.

■ We think appellant made an issuable fact of the question of privilege, and the jury should have been called upon to determine the circumstances of the publication under appropriate definitions and explanations from the court. Where there is no dispute about the circumstances under which the objectionable matter is published, it is for the court to determine if the occasion renders the communication a privileged one; if the circumstances of the publication are in dispute, as in this case, it is for the jury and not the judge, to determine what they are, and for the court to determine the question of privilege from the circumstances thus ascertained. If the matter is privileged, it then becomes the duty of the jury to determine the issue of malice. Newell, Lib. & S. § 499.

The judgment is reversed, and the cause remanded.